PEOPLE *v.* TIENSLEY

1. BURGLARY—BREAKING AND ENTERING—EVIDENCE—UNEXPLAINED POSSESSION OF STOLEN PROPERTY—SUFFICIENCY.

Unexplained possession of property recently stolen, unaccompanied by other facts or circumstances indicating guilt, will not sustain a conviction of breaking and entering, even though it is some evidence that the possessor is guilty of theft; however, unexplained possession will support a conviction where there are other facts or circumstances (MCLA § 750.110).

2. BURGLARY—BREAKING AND ENTERING—EVIDENCE—POSSESSION OF STOLEN PROPERTY—OTHER FACTS—SUFFICIENCY.

Evidence of the possession of recently stolen property was sufficient to support a conviction of breaking and entering where there was other evidence, that defendant matched the description given by a witness to the breaking and entering, that defendant had burrs on her coat matching burrs found in the victimized home, and that defendant attempted to hide when she saw the police (MCLA § 750.110).

3. CRIMINAL LAW — EVIDENCE — CIRCUMSTANTIAL EVIDENCE — SUFFICIENCY.

Circumstantial evidence from which reasonable inferences can be drawn will support a conviction.

4. BURGLARY—BREAKING AND ENTERING—POSSESSION OF STOLEN PROPERTY—PROSECUTOR'S COMMENTS—OTHER FACTS.

Prosecutor's statement, in summation, that defendant's possession of stolen goods created an extremely strong inference that she was the one who took the goods, although not accurate when viewed as standing alone, was not reversible error where other evidence of defendant's guilt had been presented to the jury (MCLA § 750.110).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4]  29 Am Jur 2d, Evidence §§ 167, 229.
[3]  30 Am Jur 2d, Evidence §§ 1125, 1126.
[5]  53 Am Jur, Trial § 796.

5. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO
JURY—AFFIRMATIVE EXCLUSION.

> Failure to instruct on lesser included offenses was not error where
> no request was made by defendant to have an instruction
> given and the court did not affirmatively exclude lesser included
> offenses.

Appeal from Oakland, William R. Beasley, J. Submitted Division 2 May 10, 1971, at Lansing. (Docket No. 9959.)   Decided May 26, 1971.

Dorothy Tiensley was convicted of breaking and entering.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Frank R. Knox,* Assistant Prosecuting Attorney, for the people.

*Bruce T. Leitman,* for defendant on appeal.

Before: DANHOF, P. J., and FITZGERALD and QUINN, JJ.

PER CURIAM. Defendant was charged with "breaking and entering," under MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305). The jury found her guilty as charged; she was subsequently sentenced, and now appeals as of right.

Defendant's first assignment of error alleges that reversible error was committed when the prosecutor, during closing argument, made the following statement to the jury:

"When a person such as the defendant, Miss Tiensley, is found in possession of goods that were taken from a house moments before, that creates an extremely strong inference that it was indeed Miss Tiensley that was the one who took the goods."

The rule in Michigan to which defendant refers regarding possession of stolen goods was stated in *People* v. *McDonald* (1968), 13 Mich App 226, 236, 237:

"Unexplained possession of property recently stolen, unaccompanied by other facts or circumstances indicating guilt, will not sustain a conviction for breaking and entering, even though it is some evidence that the possessor is guilty of theft."

In both cases relied upon by defendant, *People* v. *McDonald, supra,* and *People* v. *Stoneman* (1967), 7 Mich App 65, this Court found that while possession alone would not support a conviction, possession, accompanied by other facts or circumstances, would be sufficient. The following other facts and circumstances were present in the instant case:

(1) The defendant matched the description given by a witness;

(2) The defendant had burrs on her coat, matching burrs found in the victimized home;

(3) The defendant attempted to hide when she saw the police.

While this evidence is purely circumstantial, when coupled with the fact that the stolen goods were found in defendant's possession, the evidence supports the conviction. It is axiomatic that circumstantial evidence from which reasonable inferences can be drawn will support a conviction. *People* v. *Williams* (1968), 11 Mich App 62; *Thompson* v. *United States* (CA6, 1956), 233 F2d 317. Even though the prosecutor's remark in closing argument when standing alone was an incorrect statement of the law, it was proper when combined with the other evidence which the prosecutor presented to the jury. Accordingly, the prosecutor's statement does not require a reversal.

Defendant also argues that the trial court committed reversible error by not instructing on lesser included offenses. The trial court did not mention lesser included offenses at all, and defendant's trial counsel did not request such an instruction. Since no request to so charge was made in the case at bar and the trial court did not affirmatively exclude lesser included offenses, failure to give an instruction on lesser offenses was not error.

Affirmed.