## In the Matter of John Morton.

On Habeas Corpus, where the petitioner is held by virtue of a commitment fair on its face, and charging him with contempt of court in refusing to give evidence, it is competent for him to go behind the commitment and show that the court committing him had no jurisdiction of the proceeding in which he was called as a witness.

A complaint under § 9 of the Prohibitory Liquor Law, [*Comp. L.* § 1667] which does not set forth any facts or circumstances, but merely states the belief of the complainant that the person complained of has, between certain specified days, sold liquors in violation of the act, is not sufficient to confer jurisdiction upon the justice to whom it is made to issue subpœnas and compel the attendance of witnesses to testify concerning supposed violations. And, consequently, a witness attending on such a subpœna, and refusing to testify, cannot be committed for contempt of court in so refusing.

*Heard May 14th.   Decided May 15th.*

Habeas Corpus.

The petition set forth, that on April 26th, 1862, the following complaint was made, and filed with W. W. Mitchell, a Justice of the Peace of Ionia county:

"*State of Michigan, County of Ionia, ss.*: Alexander F. Bell, being duly sworn, says, that he is a resident of the township of Ionia, in said county, and that he verily believes that Giles B. Conkey did, at the township of Ionia aforesaid, between the fifteenth day of April, 1862, and the twenty-sixth day of April, 1862, sell intoxicating liquors, in violation of an act entitled "An Act to prevent the Manufacture and Sale of Spirituous or Intoxicating Liquors as a beverage," and that he is unable of his own knowledge to state sufficient facts and circumstances to authorize the issuing of a warrant.

ALEXANDER F. BELL.

Subscribed and sworn to before
me this 26th day of April, 1862.

W. W. MITCHELL, *Justice of the Peace.*"

The petition further states, that thereupon the Justice issued a subpœna, commanding petitioner to appear and give evidence touching said complaint; that he appeared in obedience thereto, and having been sworn, was asked

the following question: Whether he knew of Giles Conkey having, at any time between the 13th and 26th days of April instant, himself directly or indirectly sold any spirituous or intoxicating liquors in the village of Ionia? Which question petitioner refused to answer; whereupon the justice proceeded to impose upon him a fine of ten dollars, and issued a warrant for his commitment to the county jail, until the fine should be paid, or until the expiration of thirty days.

The imprisonment under this commitment was alleged to be illegal, for the reason, among others, that the complaint was not sufficient to confer jurisdiction upon the magistrate; and the whole proceeding was therefore void.

The sheriff returned the commitment as his authority for the detention.

*C. I. Walker* and *G. V. N. Lothrop* for petitioner, to show want of jurisdiction in the justice, offered to read a certified copy of said complaint, which was objected to by counsel for the People, on the ground that it was not competent to go behind the commitment—which was claimed to be fair on its face—to inquire into the correctness of the justice's action. But the court held otherwise, and the evidence was read.

*A. Williams* and *D. E. Harbaugh* for the People.

THE COURT held the complaint not sufficient · to confer jurisdiction. The statute (§ 1667) provides that, whenever a complainant is required to state facts and circumstances for the information of the court or magistrate to whom the complaint is made, and the complainant shall be unable, of his own knowledge, to state sufficient facts and circumstances to authorize the issuing of a warrant, the court or magistrate may, after the making of such complaint, issue subpœnas for the attendance of witnesses to testify concerning such facts and circumstances. This language

does not authorize the making of a complaint in general form, and the issuing thereupon of subpœnas to compel witnesses to testify to facts and circumstances which are not indicated by the complaint, but which may be suspected to be within the knowledge of the witnesses. The statute requires that the *facts and circumstances* shall be set forth in the complaint, whether the complainant can substantiate them by his oath or not. If he cannot, subpœna may be issued to compel the attendance of witnesses to testify concerning *such* facts and circumstances as are thus set forth.

MANNING J. dissented, holding that the prisoner had no right to set up the objection to the complaint, *he not being a party defendant*; and also that the commitment could not be impeached.

*Prisoner discharged.*