PEOPLE v. CLARK

1. Burglary—Breaking and Entering—Evidence.

Sufficient evidence existed to find the defendant guilty of breaking and entering a dwelling house with the intent to commit larceny where the homeowner testified that he saw three men come out of his house and run away and where defendant's accomplice identified the defendant as one of the participants in the crime (MCLA § 750.110).

2. Criminal Law—Principal and Accessory.

The distinction between principals and accessories has been abolished; one who procures, counsels, aids or abets in the commission of a crime may be tried and punished as if he had directly committed the offense (MCLA § 767.39).

3. Burglary—Breaking and Entering—Evidence—Principal and Accessory.

Proof that a defendant himself broke into or entered a house is not necessary to sustain a conviction of breaking and entering if the defendant was an accomplice to the breaking and entering (MCLA §§ 750.110, 767.39).

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 May 11, 1971, at Lansing. (Docket No. 8855.) Decided May 25, 1971.

Jackie Foster Clark was convicted of breaking and entering an occupied dwelling house with intent to commit a larceny. Defendant appeals. Affirmed.

References for Points in Headnotes
[1] 13 Am Jur 2d, Burglary §§ 25, 29.
[2, 3] 21 Am Jur 2d, Criminal Law § 124.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski* and *Don L. Milbourn,* Assistant Prosecuting Attorneys, for the people.

*Robert J. Hribar,* for defendant on appeal.

Before: DANHOF, P. J., and FITZGERALD and QUINN, JJ.

PER CURIAM.   The defendant was charged with breaking and entering an occupied dwelling house with intent to commit a larceny therein.[1]  He was convicted after a jury trial and sentenced to a term of 4 to 15 years in prison with a recommendation for the minimum sentence.  He brings this appeal as of right.

The defendant argues that there was not sufficient evidence from which the jury could find him guilty beyond a reasonable doubt.  Specifically, he contends that his mere presence at the scene of the crime was not sufficient evidence upon which to convict him, that there was no evidence that he broke into or entered the house, and that Clyde Wilson gave conflicting testimony.

The record is replete with evidence showing that there was a breaking and entering of an occupied dwelling house with the intent to commit a larceny therein.  The home owner's testimony that he saw three men come out of his house and run away, together with Clyde Wilson's testimony specifically identifying the defendant as one of his confederates in the crime, was sufficient evidence from which the

[1] MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305).

jury could find the defendant guilty beyond a reasonable doubt.

The distinction between accessories and principals has been abolished by MCLA § 767.39 (Stat Ann 1954 Rev § 28.979). One who procures, counsels, aids, or abets in the commission of a crime may be tried and punished as if he had directly committed the offense. Therefore, proof that the defendant himself broke into or entered the house was unnecessary.

Conflicting testimony was presented and it was properly left to the jury to resolve the conflict. *People* v. *Blackwell* (1969), 17 Mich App 377. Credibility of witnesses is for the jury to decide, and since the defendant took the stand and testified, the jury could disbelieve him. *People* v. *Mills* (1969), 16 Mich App 179; *People* v. *Grey* (1968), 13 Mich App 638.

No error occurred. Affirmed.