PEOPLE v. EVANS

1. CRIMINAL LAW—PROSECUTOR'S ARGUMENT—PERSONAL OPINION OF GUILT.

Every positive statement by the prosecutor is not an expression of a personal opinion concerning the defendant's guilt, necessitating a new trial.

2. CRIMINAL LAW—PROSECUTOR'S ARGUMENT—PERSONAL OPINION OF GUILT.

Prosecutor's stating, during closing argument, that the defendants were both guilty did not constitute the expression of the prosecutor's personal opinion or reversible error where the prosecutor immediately pointed to the evidence showing guilt and where any waywardness in the prosecutor's argument could have been overcome by a cautionary instruction, if such an instruction had been requested.

3. LARCENY—FROM THE PERSON—INSTRUCTIONS TO JURY—ELEMENTS OF CRIME.

Instructions to the jury in a prosecution for larceny from the person of another in which the judge read the statute and then the information charging that defendants committed the offense by stealing a purse "from the person of the said complainant", instructed that to convict the jury must find that the property "was taken from the person of the owner by the defendants with the intent to commit larceny", and then summed up in the next sentence but did not again say that the taking must be "from the person" could not have misled or confused the jury, especially where defendants' lawyer did not object to the instructions and the evidence was uncontroverted that two men had snatched the victim's purse and the only disputed issue was whether the defendants were the thieves (MCLA § 750.357).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial § 459.
[3] 50 Am Jur 2d, Larceny §§ 174, 175.

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 April 20, 1971, at Grand Rapids. (Docket No. 9378.) Decided October 1, 1971.

Donald R. Evans and Marvin L. Evans were convicted of larceny from a person. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendants on appeal.

Before: LEVIN, P. J., and QUINN and V. J. BRENNAN, JJ.

LEVIN, P. J. The defendants, Donald and Marvin Evans, were convicted of larceny from a person.[1]

They contend (1) during closing argument to the jury, the prosecutor expressed his personal opinion that the defendants were guilty, and (2) the trial judge failed to charge the jury regarding a legally-essential element of the offense of larceny from a person. We affirm.

I.

The prosecutor opened his final argument to the jury with the following statement:

"Counsel [defense counsel] remembers the testimony different than I do. He remembers that one

---

[1] MCLA § 750.357 (Stat Ann 1954 Rev § 28.589).

person said the taller man had the purse, one person said the shorter man had the purse. My recollection of this testimony is both witnesses said it was the taller man who had the purse.

"Now, it really doesn't matter which one of us is right, whether he remembers it correctly or I remember it correctly, because it is the way you remember the testimony that counts. *It doesn't matter for another reason and that is this: That these men are both guilty of this crime.* They were acting together. They were acting in concert and it doesn't matter which one of them was actually the one who was holding the purse because they did this together. They cooperated, they approached this lady together, they ran together, they were apprehended together, and they did it together in cooperation with each other. So which one actually held the purse is not controlling in this case." (Emphasis supplied.)

The defendants contend that this argument violated the rule which prohibits a prosecutor from expressing a "personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant".[2]

This rule seeks to guard against the jury being unduly swayed by a personal plea from one representing duly-constituted authority:

"It is presumable that statements of fact based upon personal knowledge, made by a person occupying the responsible position of prosecuting attorney of a county, whom the people have chosen because of his ability and character to fill that position, would have both weight and influence with the jury,

---

[2] ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function, 5.8(b). See *People v. Quick* (1885), 58 Mich 321, 324; *People v. McGuire* (1891), 89 Mich 64; *People v. Hill* (1932), 258 Mich 79, 88; *People v. Ignofo* (1946), 315 Mich 626, 636; *People v. Slater* (1970), 21 Mich App 561, 565; *People v. Humphreys* (1970), 24 Mich App 411, 418.

and may have determined any doubt which they, or some of them, may have entertained of the defendant's guilt against him." *People* v. *Dane* (1886), 59 Mich 550, 553.

In the present case, the prosecutor did not vouch for the defendants' guilt on a personal basis, he was not saying, "take it from me, we have the right men". Rather, we have a spirited argument in which the prosecutor said something much closer to: "The evidence shows that these men committed the crime". The line is imprecise, but every positive statement by the prosecutor is not an expression of a personal opinion or a personal plea necessitating a new trial.

Moreover, we are convinced that whatever waywardness there may have been in the prosecutor's argument could have been overcome by an instruction from the bench had the defendants' trial lawyer objected at the time.[3]

## II.

In his instructions to the jury, the judge read the statute making larceny from a person an offense and also the information charging the defendants with committing that offense by stealing a lady's purse "from the person of the said complainant". He *also* instructed the jury that "in order to constitute an offense under this statute" the jury must find that the property "was taken from the person of the owner by the defendants with the intent to commit larceny". In the next sentence he summed up, but did not again say that the taking must be "from the person".

---

[3] *People* v. *Latham* (1971), 32 Mich App 198; *People* v. *Humphreys* (1970), 24 Mich App 411; *People* v. *Montevecchio* (1971), 32 Mich App 163, 166.

In *People* v. *Price* (1970), 21 Mich App 694, 697, relied on by the defendants, the judge, as in the present case, read the statute and the information to the jury. He did not, in contrast with the present case, separately explain and instruct the jury that it must find the elements distinguishing the particular statutory larceny charged in the information from other crimes of larceny. In *People* v. *Bowen* (1968), 10 Mich App 1, the judge did not give any instruction whatsoever concerning a necessary element of the offense. Nor is this a case of "conflicting instructions * * * , one erroneous and the other correct".[4] In this case, the judge merely did not reiterate that which in the immediately preceding sentence he had adequately covered. That elision could not have misled or confused the jury.

In this connection it is of some significance that the defendants' lawyer did not object to the instructions given and the evidence was uncontroverted that two men had snatched the victim's purse and the only disputed issue was whether the defendants were the thieves.

Affirmed.

All concurred.

---

[4] *People* v. *Dewitt* (1925), 233 Mich 222, 226, quoted approvingly in *People* v. *Kanar* (1946), 314 Mich 242, 253.