PEOPLE v BALLENBERGER

1. BURGLARY—BREAKING AND ENTERING—LARCENY—LARCENOUS IN-
    TENT—EVIDENCE—SUFFICIENCY—QUESTION OF FACT—JURY
    FINDING.

    Evidence presented at a trial for attempted breaking and enter-
    ing of an occupied building with intent to commit larceny was
    sufficient to present a question of fact for the jury as to the
    larcenous intent and to support a finding by a jury of such
    intent, where police officers upon investigating after hearing
    the sound of glass being shattered discovered the defendant
    standing within a foot or two of a building, the defendant failed
    to heed orders to stop but immediately ran from the scene,
    jumped at least one fence, and was finally apprehended, and
    where upon returning to the scene, a broken window was
    discovered, defendant's hands were discovered to have been cut,
    and defendant in attempting to explain his presence at the
    scene gave several varying inconsistent stories.

2. CRIMINAL LAW—EVIDENCE—SUFFICIENCY—CIRCUMSTANTIAL EVI-
    DENCE—REASONABLE INFERENCES.

    Circumstantial evidence and reasonable inferences drawn there-
    from can be sufficient to uphold a criminal conviction.

3. CRIMINAL LAW—SENTENCING—PERJURY—MINIMUM SENTENCE—
    PREJUDICE—REMAND.

    A defendant who received a sentence of from three to five years
    was not prejudiced by a trial judge's alleged belief during the
    sentencing process that the defendant had committed perjury
    during the trial because a minimum sentence of three years
    and four months could have been imposed and the judge's
    failure to impose the maximum minimum sentence negates any
    claim that his stated beliefs influenced the sentence and

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary §§ 50, 52.
[2] 21 Am Jur 2d, Criminal Law § 82.
  29 Am Jur 2d, Evidence §§ 10–12, 264, 266, 278.
[3] 21 Am Jur 2d, Criminal Law §§ 221, 234 *et seq.*
[4] 63 Am Jur 2d, Prosecuting Attorneys § 27.
  53 Am Jur, Trial §§ 505–507.

thereby prejudiced defendant; nothing would be gained by a remand for resentencing.

4. Criminal Law—Prosecutor's Argument—Personal Opinion of Guilt—Prejudice—Objection—Defendant's Argument—Instructions to Jury—Curative Instructions.

Statements in a prosecutor's final summation, not objected to, to the effect that a defendant and no one else committed the crime charged were not so inflammatory and prejudicial to require reversal where throughout defense counsel's closing argument he strenuously argued "that it was possible" based on defendant's testimony that the crime had been committed by someone other than the defendant, because the prosecutor's statements were made only in reply to this argument and were not an expression of personal belief in defendant's guilt; had an objection been timely made the trial judge could have cured and overcome any error by an instruction to the jury.

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 October 2, 1973, at Lansing. (Docket No. 16842.) Decided January 17, 1974. Leave to appeal denied, 392 Mich 753.

James Ballenberger was convicted of attempted breaking and entering of an occupied building with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*Joseph B. Szeremet,* Assistant State Appellate Defender, for defendant.

Before: McGregor, P. J., and Bronson and Carland,* JJ.

Carland, J. Defendant was convicted by a jury of attempted breaking and entering of an occupied

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

building with intent to commit larceny, MCLA 750.92, 750.110; MSA 28.287, 28.305, and a sentence of from three to five years was imposed.

Police officers upon investigating after hearing the sound of glass being shattered discovered the defendant standing within a foot or two of the IRS Building in the City of Adrian. The defendant failed to heed orders to stop but immediately ran from the scene. In his attempt to escape, the defendant jumped at least one chain link fence. However, the officer was able to keep the defendant in view and he was finally apprehended some distance from the building in question. Upon returning to the scene, the broken window in the IRS Building was discovered. Defendant's hands were discovered to have been cut and the officer expressed a belief that such cuts did not come from a fence but later admitted that this was possible. The officer also expressed an opinion that because of the short lapse of time between the sound of broken glass and the observation of the defendant that it would have been impossible for any person other than defendant to have broken the glass. The defendant in attempting to explain his presence at the scene gave several varying inconsistent stories.

Defendant in denying his guilt testified that he heard the crash and saw somebody running; that he walked to the scene and saw "a bunch of stuff laying on the ground"; that he fled because of fear that his probation would be revoked because he had been drinking; that he probably cut his hands while jumping the fence; that the strange stories told by him came as the result of fright.

On appeal, the defendant maintains that as a matter of law the evidence was insufficient to present a question of fact for the jury as to the larcenous intent and that such evidence was

equally insufficient to support a finding by a jury of such intent. While no one saw defendant break the window, he was there when it was broken. He fled upon being ordered to halt. He gave the police false stories. His hands were cut and if the jury believed that this came about as the result of breaking the window, and it apparently did, the record contains evidence which if believed would establish the crime charged.

The weight and credibility of the testimony of witnesses is a jury question and it is for the jury to resolve any conflicts therein, *People v Moss,* 16 Mich App 295; 167 NW2d 788 (1969); *People v McKeller,* 30 Mich App 135; 185 NW2d 905 (1971); *People v Clark,* 34 Mich App 70; 190 NW2d 726 (1971).

In criminal cases, this Court does not sit as a reviewing jury and hear cases *de novo.* Where evidence is presented at trial which would justify the jury verdict, that verdict is final, *People v Harper,* 43 Mich App 500, 509; 204 NW2d 263, 269 (1972). Moreover, circumstantial evidence and reasonable inferences drawn therefrom can be sufficient to uphold the conviction, *People v Brown,* 42 Mich App 608; 202 NW2d 493 (1972), and *People v Peace,* 48 Mich App 79, 86; 210 NW2d 116, 120 (1973).

Defendant further maintains that the sentencing judge erred when he based his sentence upon his belief that during the trial the defendant had committed perjury, a crime for which the defendant had not been convicted. The defendant bases this contention upon the following statement made by the court during the sentencing process:

"You were tried by a jury in that case. It was very apparent to the court and the attitude of the jury and from their final verdict that they simply didn't believe

you on the witness stand. In other words, they thought you were committing perjury. I agree with that assessment made by the jury. I don't think you were telling us the truth during the course of that trial at all. So in addition to adding this particular offense to your record, as far as the court's concerned, you added to your culpability by telling a falsehood during the course of the trial. If the jury had bought even a portion of your story, they certainly wouldn't have convicted you."

While the statement was unfortunate, this record does not support a finding that the defendant was prejudiced thereby. Under *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), a minimum sentence of three years and four months might have been imposed. Failure to impose the maximum minimum sentence negates any claim that the stated beliefs of the judge influenced the sentence and thereby prejudiced defendant. Nothing would be gained by a remand for resentencing.

The defendant next condemns the conduct and arguments of the prosecuting attorney and contends that inflammatory and prejudicial statements were made which require reversal. From a review of the record we are unable to accept this contention.

The defendant cites three instances of alleged misconduct, only the last of which is worth consideration. It should be noted that at no time were objections made during the trial to any of this alleged misconduct.

In his final summation the prosecutor stated as follows:

"The reason he didn't tell Officer Brock that that night the reason Officer Dull didn't see anybody else is because there wasn't anybody else. There couldn't have been anybody else. It was this defendant and no one else.

"This defendant is guilty of the crime charged. Thank you."

Throughout his closing argument defense counsel had strenuously argued "that it was possible" based on defendant's testimony that the window had been broken by someone other than the defendant. We therefore hold that these statements by the prosecutor were made only in reply to this argument. They were not an expression of personal belief in defendant's guilt.

Had an objection been timely made, we are of the opinion that any error could have been cured and overcome by the trial judge. Not having been made, and thus passed upon by the lower court, it should be considered to have been waived and therefore not subject to review by this Court unless a miscarriage of justice would result from our refusal to consider. Under the facts of this case we cannot so find, *People v Evans,* 36 Mich App 238, 241; 193 NW2d 387, 389 (1971); *People v David Smith,* 16 Mich App 198; 167 NW2d 832 (1969); *People v Russell,* 27 Mich App 654, 663; 183 NW2d 845, 850 (1970); *People v Rowls,* 28 Mich App 190, 195; 184 NW2d 332, 335 (1970).

Moreover, despite the lack of objection, we find that any error was cured by the following instruction to the jury:

"The first thing to be said is that it is your duty to determine what the facts were on this night in question. You and you alone can do this. You must make your determination of what the facts were from what you heard from the witness stand under oath and from no other source. The attorneys when they asked questions and when they were arguing their case to you were not testifying, and I'm not testifying during the course of these instructions. You remember what you heard from the witness stand under oath and from that

source you decide what the facts were on that night in question. This is your responsibility."

We affirm.
All concurred.