PEOPLE v SHARP

1. ROBBERY—ARMED ROBBERY—EVIDENCE—CIRCUMSTANTIAL EVIDENCE —SPECIFIC INTENT—AIDING AND ABETTING.

A jury may properly infer from circumstantial evidence that a defendant, who waited outside during an armed robbery, possessed the requisite specific intent to commit armed robbery, or that he aided and abetted knowing that his coparticipants possessed such intent.

2. WITNESSES—CRIMINAL LAW—CREDIBILITY—REASONABLE DOUBT— JURY QUESTION.

Arguments attacking the believability, weakness or inconsistency of the testimony of trial witnesses should be confined to the jury, and are improper on appeal where review is limited to whether or not there was sufficient evidence upon which, if believed by the jury, the defendant could be found guilty beyond a reasonable doubt.

3. WITNESSES—CRIMINAL LAW—ACCOMPLICES—CREDIBILITY—JURY QUESTION.

The credibility and weight of testimony is determined by the jury; and they may accept the testimony of an accomplice and convict on that testimony alone.

Appeal from Tuscola, Norman A. Baguley, J. Submitted Division 2 November 14, 1974, at Detroit. (Docket No. 19126.) Decided January 9, 1975.

Lee Wiley Sharp was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George Holmes,* Prosecuting Attorney (Prosecuting Attorneys Ap-

REFERENCES FOR POINTS IN HEADNOTES
[1] 67 Am Jur 2d, Robbery §§ 52, 58.
[2, 3] 58 Am Jur, Witnesses § 862.

pellate Service, *Edward R. Wilson,* Director, by *Howard C. Marderosian,* of counsel), for the people.

*Clinton C. House,* for defendant on appeal.

Before: BASHARA, P. J., and DANHOF and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant was convicted by a jury of armed robbery, MCLA 750.529; MSA 28.797, and he was sentenced to a term of from 3 to 10 years in prison. He appeals contending that the evidence was insufficient to sustain the verdict. We affirm.

The principal prosecution witness, James Bedell, testified that on the evening of the robbery he went with the defendant and another person, one Clark Petty, to the home of a mutual acquaintance, Gary Whaley. The defendant asked Whaley to return a pistol which he had in his possession. Whaley did so, and the defendant discovered that the pistol would not fire. The defendant borrowed tools from Whaley and fixed the pistol. Whaley testified in corroboration of these facts.

Bedell further testified that they proceeded directly to Jim's Bar in Richville, Michigan. Although defendant remained in the car, Bedell took the pistol and he and Petty, who was armed with a sawed-off shotgun, went into the bar. After robbing the barmaid and a customer, Bedell and Petty returned to the car and the defendant told Bedell as they drove away, "Don't worry Jim, we have done this before. Everything will be all right".

The only issue raised by defendant in this appeal is his contention that the evidence presented

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

at trial was insufficient to establish his guilt beyond a reasonable doubt. Defendant argues that the testimony of Bedell amounted to no more than circumstantial evidence which was not sufficient to establish specific intent to aid and abet in the commission of an armed robbery.

Defendant was convicted under the aiding and abetting statute, MCLA 767.39; MSA 28.979. Nonetheless, armed robbery is a specific intent crime. *People v Kelley,* 21 Mich App 612; 176 NW2d 435 (1970), *lv den,* 383 Mich 792. Therefore, it is essential that the prosecution prove beyond a reasonable doubt that the defendant possessed specific intent or that he aided and abetted in the perpetration of the crime knowing that his coparticipants had the necessary specific intent. *People v Poplar,* 20 Mich App 132; 173 NW2d 732 (1969); *People v McGuire,* 39 Mich App 308; 197 NW2d 469 (1972); *lv den,* 387 Mich 810. The requisite intent may properly be inferred by the jury from circumstantial evidence. *People v Wright,* 44 Mich App 111; 205 NW2d 62 (1972); *People v Poplar supra.* The circumstances established by the prosecution in the present case were ample to support the jury's verdict. The pistol used in the robbery was furnished by the defendant. Defendant remained in the car while the other passengers went into the bar armed with a pistol and a shotgun. He made no attempt to leave. See *People v White,* 54 Mich App 342; 220 NW2d 789 (1974); *People v Fuller,* 44 Mich App 297; 205 NW2d 287 (1973). The testimony of coparticipant Bedell established that at the very minimum "defendant acted in silent unison" in the commission of the robbery. *People v Palmer,* 392 Mich 370; 220 NW2d 393 (1974); *People v McClary,* 50 Mich App 506; 213 NW2d 562 (1973). Defendant's appellate counsel

vociferously attacks the testimony of witness Bedell, arguing that it is weak, unbelievable and inconsistent. This argument should be confined to the jury; it cannot influence this Court. Review of a jury verdict in a criminal case is limited to whether or not there was sufficient evidence upon which, if believed by the jury, the defendant could be found guilty beyond a reasonable doubt. *People v Boynton,* 46 Mich App 748; 208 NW2d 523 (1973). The credibility and weight of testimony is determined by the jury, and will not be passed upon by this Court. *People v Clark,* 34 Mich App 70; 190 NW2d 726 (1971); *People v Ballenberger,* 51 Mich App 353; 214 NW2d 742 (1974). A jury may accept the testimony of an accomplice and convict on that testimony alone. *People v Rayford Johnson,* 52 Mich App 385; 217 NW2d 417 (1974).

Affirmed.