PEOPLE v MACLIN

PEOPLE v HARVEY

Docket Nos. 46029, 46030. Submitted October 8, 1980, at Detroit.—
Decided November 20, 1980.

Ross A. Maclin and Larry D. Harvey were convicted of two
counts of first-degree felony murder in Recorder's Court of
Detroit, George W. Crockett, Jr., J. Defendant Harvey was also
convicted of one count of felony-firearm. The court dismissed
the felony-firearm conviction as being unconstitutional and
sentenced defendants to life in prison. Defendants appeal. *Held:*

1. Defendants argue that they were entitled to an instruction
on manslaughter inasmuch as the evidence adduced suggested
that defendant Harvey shot one of the victims, during the
robbery, because she pulled a gun on him. An aggressor has no
right of self-defense. Therefore, defendants were not entitled to
an instruction on self-defense. The provocation necessary to
reduce the crime of murder to manslaughter is that which
would cause one to act out of passion rather than with due
deliberation and reflection. A robbery victim's attempted self-
defense is not sufficient provocation to reduce murder to man-
slaughter. The trial court did not err in refusing to give the
instruction.

2. With respect to defendant Harvey, the testimony estab-
lished that he intended to rob one of the victims, that he shot
both victims, and that he made a statement after the shooting
which could indicate an actual intent to kill. The evidence was
sufficient to support a conviction.

3. Defendant Maclin claimed that the trial court abused its
discretion in allowing impeachment by evidence of a prior

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide § 145.
[2] 40 Am Jur 2d, Homicide § 54 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 821.
  30 Am Jur 2d, Evidence § 1170 *et seq.*
[4] 29 Am Jur 2d, Evidence § 320 *et seq.*
  81 Am Jur 2d, Witnesses § 569 *et seq.*
[5] 75 Am Jur 2d, Trial § 481 *et seq.*

larceny conviction, a crime similar to the armed robbery. Similarity with the crime charged does not per se bar impeachment of a defendant by evidence of prior convictions. The trial court considered it and did not find it particularly similar. There was no abuse of discretion.

4. With regard to defendant Maclin, the testimony indicated that he accompanied defendant Harvey to the scene, took money from a victim after she was shot and ran from the scene with Harvey to the get-away car. The evidence was sufficient to support a denial of a directed verdict of acquittal.

Affirmed.

1. CRIMINAL LAW — DEFENSES — SELF-DEFENSE.
   An aggressor has no right of self-defense.

2. HOMICIDE — MANSLAUGHTER — PROVOCATION.
   The provocation necessary to reduce the crime of murder to manslaughter is that which would cause one to act out of passion rather than with due deliberation and reflection; a robbery victim's attempted self-defense is not sufficient provocation to reduce murder to manslaughter.

3. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE.
   The Court of Appeals, in reviewing the evidence supporting a guilty verdict in a criminal trial, must consider whether the evidence was sufficient for reasonable jurors to find the defendant guilty beyond a reasonable doubt.

4. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS.
   Similarity with the crime charged does not per se bar impeachment of a defendant by evidence of prior convictions.

5. CRIMINAL LAW — DIRECTED VERDICT — ACQUITTAL.
   When ruling on a motion for a directed verdict of acquittal, a court must consider the evidence which had been presented by the prosecution up to the time the motion is made, view that evidence in the light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendants.

Before: D. C. RILEY, P.J., and N. J. KAUFMAN and MACKENZIE, JJ.

N. J. KAUFMAN, J. Defendants were convicted of two counts of first-degree felony murder in violation of MCL 750.316; MSA 28.548 after a jury trial in Detroit Recorder's Court which commenced on April 3, 1979. Defendant Harvey was also convicted of possession of a firearm in the commission of a felony in violation of MCL 750.227b; MSA 28.424(2). On April 18, 1979, the trial court dismissed this latter conviction on the grounds that it was unconstitutional and then sentenced both defendants to life in prison. Defendants appeal as of right, pursuant to GCR 1963, 806.1.

Of the issues raised by defendants on appeal, the first presents a novel question. Defendants argue that a requested instruction of manslaughter should have been given. They point to evidence on the record suggesting that defendant Harvey shot one of the victims because she pulled a gun on him. We note that there was no direct testimony at trial that either deceased had a weapon. The only evidence presented that could possibly have suggested provocation was testimony of an accomplice, Rudolph, who had turned state's evidence. Rudolph stated that when defendant Harvey returned to the car, he said he had shot one of the victims because she had tried to draw a gun.

What defendants were, in essence, requesting was a self-defense instruction. It is well established by case law, and dictated as well by common law and common sense, that an aggressor has no right

of self-defense. See *People v Etheridge Turner,* 37 Mich App 226, 229; 194 NW2d 546 (1971), *lv den* 387 Mich 767 (1972), *People v Couch,* 49 Mich App 69, 74; 211 NW2d 250 (1973), *lv den* 391 Mich 755 (1973), CJI 7:9:04. The defendants, therefore, had no right to shoot the victim even if it was believed that she attempted to defend herself by drawing a gun.

Defendants' argument in this case, however, is not that the killing was in self-defense but rather that a victim's attempted self-defense can be viewed as adequate and reasonable provocation which would so influence one's passions as to reduce the killing to manslaughter.

Generally, the provocation necessary to reduce the crime of murder to manslaughter is that which would cause one to act out of passion rather than with due deliberation and reflection. See *Maher v People,* 10 Mich 208 (1862), *People v Younger,* 380 Mich 678; 158 NW2d 493 (1968). While no cases have been found directly addressing the issue of whether a robbery victim's attempted self-defense can be viewed as sufficient provocation to reduce murder to manslaughter, reason dictates that this cannot be.

Manslaughter is not a necessarily lesser included offense of first-degree murder. *People v Van Wyck,* 402 Mich 266; 262 NW2d 638 (1978). In fact, the only reason a second-degree murder instruction was given was that it was required. Nothing in the evidence suggested a crime less than felony murder. Under such circumstances, the statement in the CJI Homicide Commentary is well taken: "It would be somewhat ludicrous to let the felon kill in self-defense after creating the danger * * * where, but for the felony, the death would not have occurred". CJI 16-126.

Defendant Harvey asserts a separate ground of error, which we shall address but briefly. He contends that there was insufficient evidence offered to support the verdict with respect to him. In reviewing the sufficiency of evidence, this Court must consider whether or not the evidence is sufficient for reasonable jurors to find defendant guilty beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

In the present case, the testimony of Rudolph, the alleged accomplice, established that Harvey planned to rob one of the victims. The testimony of one witness, Mr. Carter, was that Harvey shot both victims. There was also evidence that immediately after the shooting Harvey stated that, "* * * when I tell a bitch to give me some money, I want the money". This could indicate actual intent to kill. It is therefore concluded that there was sufficient evidence to support the conviction of defendant Harvey.

Defendant Maclin asserts two grounds of error, applicable only to him, which we shall address in turn. First, defendant Maclin contends that the' trial court erred by admitting evidence of Maclin's prior conviction for attempted larceny from a person. Defendant Maclin claims that the trial court abused its discretion because the prior conviction for attempted larceny from a person was similar to the crime of armed robbery, the underlying felony in the instant case.

When the prior conviction and the charged offense are similar, a court should consider the similarity as a factor weighing heavily against admissibility. *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967), *People v Green,* 86 Mich App 142; 272 NW2d 216 (1978). However, in *People v Hughes,* 93 Mich App 333, 337; 287

NW2d 226 (1979), the Court stated that "similarity does not per se bar every impeachment by evidence of a prior conviction". See also *People v Townsend,* 60 Mich App 204; 230 NW2d 378 (1975).

The trial court did consider the similarity issue, which was raised at the time of its ruling on admissibility, and found that the crimes were not particularly similar. We agree. The crimes are significantly dissimilar. The crime of armed robbery is assaultive in nature, whereas the prior conviction was for a nonassaultive crime. The trial court's ruling in the present case is certainly supportable, and there was no abuse of discretion. See *Hughes, supra.*

As his final ground of error, defendant Maclin argues that there was insufficient evidence of the requisite intent on his part to defeat his motion for a directed verdict. The evidence, as we view it, was wholly inconsistent with defendant Maclin's claim that he was merely present. He accompanied Harvey to the scene and, after Mrs. Williams was shot, a witness testified that Maclin took money from her pocket. Both Maclin and Harvey ran from the scene to the car where Rudolph was waiting.

In deciding whether or not to grant a motion for a directed verdict of acquittal, the trial court must consider the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were established beyond a reasonable doubt. *Hampton, supra.*

In light of the evidence that defendant Maclin actively participated in the armed robbery, we find that there was sufficient evidence of all elements of the crime to support the denial of a directed verdict.

Affirmed.