PEOPLE v WILLIS

Docket No. 55289. Submitted May 20, 1982, at Detroit.—Decided
     August 25, 1982.

Dwight L. Willis was convicted of armed robbery and possession
     of a firearm in the commission of a felony in Wayne Circuit
     Court, Peter B. Spivak, J. The defendant appeals alleging that
     the trial court (1) erred in instructing the jury that an aider
     and abettor to a felony-firearm offense need not possess or aid
     in the possession of the firearm to be found guilty of the
     offense, (2) erred in denying his motion for a directed verdict,
     (3) abused its discretion by permitting a witness to testify that
     she observed two black males in a car that looked like the
     defendant's car where she was unable to identify either male as
     the defendant, and (4) erred in refusing to give a modified jury
     instruction on the defendant's alibi defense. *Held:*

1. The defendant's conviction for a violation of the felony-
firearm statute should be vacated because it is not clear that
the jury found that the defendant actually possessed or aided in
the possession of the firearm.

2. The trial court did not err in denying the defendant's
motion for a directed verdict. Here, there was sufficient circum-
stantial evidence from which a jury could find that the defen-
dant intended to commit armed robbery or participated in the
offense knowing that his accomplices possessed such an intent.
A jury could properly infer from evidence of the defendant's
involvement that the defendant was guilty as an aider and
abettor to armed robbery.

3. The trial court did not abuse its discretion in finding that
the witness's testimony regarding the two black men was
relevant. The witness's testimony had some limited relevance

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 167.
[2] 75 Am Jur 2d, Trial § 483.
[3] 67 Am Jur 2d, Robbery §§ 4, 8, 9.
[4] 5 Am Jur 2d, Appeal and Error §§ 774, 881.
[5] 21 Am Jur 2d, Criminal Law §§ 180, 192.
     67 Am Jur 2d, Robbery §§ 4, 9, 71.
[6] 5 Am Jur 2d, Appeal and Error § 894.

in light of the defendant's argument that he lacked the requisite intent or knowledge of his accomplices' intent. The Court of Appeals should not reverse a trial judge's determination that proffered evidence is relevant unless it is convinced that the judge's ruling amounts to an abuse of discretion.

4. Viewing the instructions to the jury in their totality, the jury was properly instructed. The defendant was not entitled to an instruction to the jury on an alibi defense where his defense to the crime was not alibi but rather lack of knowledge that his partners intended to commit armed robbery.

Affirmed in part and reversed in part.

1. CRIMINAL LAW — AIDERS AND ABETTORS — FELONY-FIREARM.

It must be established that a defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained to convict the defendant of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in one's possession during the commission of a felony (MCL 750.227b; MSA 28.424[2]).

2. MOTIONS AND ORDERS — DIRECTED VERDICTS.

A trial court, when ruling on a motion for a directed verdict of acquittal, must consider the evidence presented by the prosecution up to the time the motion is made, view that evidence in a light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

3. ROBBERY — ARMED ROBBERY — SPECIFIC INTENT CRIMES.

Armed robbery is a specific intent crime; to be convicted of a specific intent crime as an aider and abettor, a defendant must either possess the required intent himself or participate while knowing that his accomplices possessed the requisite intent.

4. APPEAL — EVIDENCE.

The Court of Appeals should not reverse a trial judge's determination that proffered evidence is relevant unless it is convinced that the trial judge's ruling amounts to an abuse of discretion; that standard is equally applicable to the trial court's determination that the prejudicial effect of the evidence does not outweigh its probative value.

5. ROBBERY — ARMED ROBBERY — ALIBI DEFENSE.

Armed robbery requires no premeditation or planning; an alibi to premeditation and planning does not entitle a defendant to an

instruction to the jury on an alibi defense where his defense to the crime itself is not alibi but rather lack of knowledge that his partners intended to commit armed robbery.

6. APPEAL — JURY INSTRUCTIONS.
    An appellate court should view a lower court's instructions to the jury in their totality when reviewing such instructions.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and N. J. KAUF-MAN and R. A. BENSON,* JJ.

PER CURIAM. Defendant was charged with armed robbery, MCL 750.529; MSA 28.797, and with possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). A jury found defendant guilty as charged. He appeals by right.

Defendant first argues that the trial court erred in instructing the jury that an aider and abettor to a felony-firearm offense need not possess or aid in the possession of the firearm to be found guilty of the offense. We agree. In *People v Johnson,* 411 Mich 50; 303 NW2d 442 (1981), the Michigan Supreme Court stated:

"To convict one of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in one's possession during the commission of a felony, it must be established that the defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained." *Id.,* 54.

* Circuit judge, sitting on the Court of Appeals by assignment.

We hold that the defendant's conviction for a violation of the felony-firearm statute is vacated as it is not clear that the jury found that the defendant actually possessed or aided in the possession of the firearm.

Defendant next argues that the trial court erred by denying his motion for a directed verdict. Defendant contends that the prosecutor failed to present sufficient evidence to support a verdict of guilty beyond a reasonable doubt of armed robbery.

When ruling on a motion for a directed verdict of acquittal, the trial judge must consider the evidence presented by the prosecution up to the time the motion is made, view that evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), *People v Maclin,* 101 Mich App 593, 598; 300 NW2d 642 (1980).

Armed robbery is a specific intent crime. *People v Crittle,* 390 Mich 367, 371; 212 NW2d 196 (1973). To be convicted of a specific intent crime through the statute on aiding and abetting, the defendant must either possess the required intent himself or participate while knowing that his accomplices possessed the requisite intent. *People v Triplett,* 105 Mich App 182, 187; 306 NW2d 442 (1981).

We find that there was sufficient circumstantial evidence in this case from which a jury could find that the defendant intended to commit armed robbery or participated in the offense knowing that his accomplices possessed such an intent. Defendant provided the car and confessed that he followed an accomplice's directions to park the car

in the lot near the victim's apartment and to keep the motor running. Defendant confessed that his accomplices returned to the car with personal property belonging to the victim, including two rings which were given to the defendant. When stopped by the police, the defendant was wearing the two rings and claimed that he owned them. Defendant's actions thus facilitated the venture both by providing transportation and by claiming ownership of the stolen property. A jury could properly infer from such involvement that the defendant was guilty as an aider and abettor to armed robbery. See *People v Sharp,* 57 Mich App 624; 226 NW2d 590 (1975).

Defendant also argues that the trial court abused its discretion by permitting a witness to testify that she observed two black males in a car that looked like the defendant's car when she was unable to identify either male as the defendant. Because the witness saw the car parked in the vicinity of the robbery one day and two days before the crime, her testimony was offered as evidence that the defendant was "casing the joint".

This Court will not reverse a trial judge's determination that proffered evidence is relevant unless it is convinced that the judge's ruling amounts to an abuse of discretion. *Drouillard v Metropolitan Life Ins Co,* 107 Mich App 608, 622; 310 NW2d 15 (1981); *Aetna Life Ins Co v Brooks,* 96 Mich App 310, 314; 292 NW2d 532 (1980). This standard is equally applicable to the trial court's determination that the prejudicial effect of the evidence does not outweigh its probative value. *Keefer v C R Bard, Inc,* 110 Mich App 563, 568; 313 NW2d 151 (1981).

We find that the trial court did not abuse its

discretion in finding the evidence relevant. The witness's testimony had some limited relevance in light of the defendant's argument that he lacked the requisite intent or knowledge of his accomplices' intent. The fact that the witness had little to offer was amply demonstrated by the defendant's attorney upon cross-examination. Although not highly relevant, the admission of the evidence did not have such a prejudicial effect that absent its presentation the defendant might have been acquitted. See *People v Christensen,* 64 Mich App 23, 32; 235 NW2d 50 (1975).

Finally, defendant alleges that the trial court erred by refusing to give a modified jury instruction on the defendant's "alibi defense". After permitting the prosecutor's witness to testify that she saw a car that looked like the defendant's in the vicinity of the crime two days before the crime occurred, the trial court allowed the defendant to have his mother testify in rebuttal. This does not constitute an alibi defense to the crime committed; this was only rebuttal testimony on a collateral issue, *i.e.,* the defendant's whereabouts on the days prior to the commission of the crime. Armed robbery requires no premeditation or planning. An alibi to premeditation and planning does not entitle the defendant to an instruction to the jury on an alibi defense when his defense to the crime itself is not alibi but rather lack of guilty knowledge that his partners intended to commit armed robbery.

Upon review, jury instructions must be viewed in their totality. See *People v Erb,* 48 Mich App 622, 631; 211 NW2d 51 (1973). Viewing the jury instructions in this case in their totality, we find that the jury was properly instructed. Adding the defendant's proposed modified "alibi" instruction

would not have increased the jurors' understanding and could have confused them.

Defendant's conviction of possession of a firearm in the commission of a felony is reversed. Defendant's conviction of armed robbery is affirmed.