**Ross MACLIN, Petitioner–Appellant,**

v.

**Kenny ROBINSON, Warden, Respondent–Appellee.**

No. 01–1717.

United States Court of Appeals, Sixth Circuit.

Sept. 8, 2003.

S. Allen Early, III, Detroit, MI, for Petitioner–Appellant.

Janet A. Van Cleve, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before GUY, SUHRHEINRICH and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

Petitioner Ross Maclin, a prisoner in the custody of the Michigan Department of

Corrections, appeals the district court's holding that Maclin's petition for a writ of habeas corpus is barred by the applicable statute of limitations, and that the limitations period should not be tolled due to the alleged "state-created impediments" Maclin faced, namely, confiscation of his legal papers and restricted access to the prison law library. Because Maclin's claims regarding state-created impediments are either waived or without merit, we AFFIRM the judgment of the district court.

## I

A jury convicted Maclin of first-degree felony murder in a trial that began on April 3, 1979. *People v. Maclin*, 101 Mich. App. 593, 300 N.W.2d 642, 643 (Mich.Ct. App.1980). The court sentenced him to life in prison. His unsuccessful appeals in the state courts ended on June 21, 1981.

Since Maclin's conviction on direct review became final before AEDPA's effective date, he had until April 24, 1997, to file a petition for a writ of habeas corpus. *Carey v. Saffold*, 536 U.S. 214, 217, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). On April 6, 1997, Maclin filed a petition for reconsideration in state trial court, which was denied. The Michigan Court of Appeals and the Michigan Supreme Court each denied Maclin leave to appeal on September 24, 1998, and June 29, 1999, respectively. Over seven months later, on February 7, 2000, Maclin filed the instant petition for a writ of habeas corpus in federal court, which the respondent argued was untimely filed.

As an excuse for his tardy filing, Maclin alleged that he was not allowed as many weekly hours in the prison law library as prison policy dictated he should be, and that he was not aware of how the filing deadlines set by the AEDPA operated; he requested that the court equitably toll the running of the statute of limitations based upon his hardships in filing. The case was referred to a magistrate, who calculated the one-year "grace period" in which Maclin could have filed his habeas petition as follows: (1) the grace period ran for 347 days, beginning on April 24, 1996, and stopping on April 7, 1997, when Maclin filed his motion for reconsideration in Michigan court; (2) the running of the statute of limitations was tolled while Maclin's motion was pending in state court; (3) the running recommenced on June, 29, 1999, when the Michigan Supreme Court denied leave to appeal; and (4) Maclin had until July 17, 1999, to file his motion, thereby rendering his February 7, 2000, filing conspicuously late.

The district court agreed with the magistrate's calculation of the one-year grace period. Regarding the alleged state-created impediments, the court dismissed in a footnote the claim regarding inadequate access to the prison law library, and held that Maclin waived his argument based upon the prison officials' confiscation of his legal documents for failure to raise it before the magistrate judge, or in the alternative, it was without merit.

The district court granted a certificate of appealability only "on the issue of whether there existed a state-created impediment to toll the statute of limitations," and Maclin timely appeals. He argues first that the alleged state-created impediments are grounds under 28 U.S.C. § 2244(d)(1)(B) to permit what would otherwise be an untimely petition, and that the impediments give the court grounds to exercise its power of equitable tolling. Second, he argues that the district court erred by failing to make the requisite determination of whether an evidentiary hearing is required under Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II

In a habeas case, we review de novo a district court's legal conclusions; we review its findings of fact for clear error. *Miller v. Collins,* 305 F.3d 491, 493–95 (6th Cir.2002). Maclin argues that the district court erred by refusing to toll the statute of limitations on his habeas claim due to alleged state-created impediments. As an initial matter, we note that Maclin does not challenge the district court's holding that he waived his claim that the State impeded his access to the courts by confiscating his legal papers. The district court's holding on that issue therefore stands. *See Bickel v. Korean Air Lines Co.,* 96 F.3d 151, 153 (6th Cir.1996) (citing Fed. R.App. P. 28 and noting that the court "normally decline[s] to consider issues not raised in the appellant's opening briefs").

Though they are not clearly delineated in his brief, Maclin raises two distinct legal grounds for reversal based upon the allegation that prison officials limited his access to the courts by restricting his access to the prison law library. The first is based upon 28 U.S.C. § 2244(d)(1)(B), which directs that the one-year statute of limitations for filing habeas petitions begins to run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." In *Walker v. Mintzes,* 771 F.2d 920 (6th Cir. 1985), we addressed inmates claims that their constitutional right of access to the courts was inadequate because, in some instances, they were limited to just one hour per week of time in the prison law library. *Id.* at 931–32. We noted that restrictions of prisoner library time are constitutional so long as those restrictions do not deny a prisoner's access to the courts. *Id.* at 932.

In this case, Maclin estimated that he had access to the law library for approximately 1.5 hours a week. While it was not the six hours to which he claims he was entitled under prison policy, Maclin has not pointed to any authority for the proposition that being permitted only 1.5 hours of library access a week constitutes a state-created impediment to his access to the courts, and we have found none that is binding in this circuit. Since the respondent did not violate a federal law or the Constitution in restricting Maclin's library access, there exists no basis for a § 2244(d)(1)(B) claim.

Maclin also claims that the district court should have equitably tolled the statute of limitations on his claim due to the alleged state-created impediment. While we pause to note that it is not clear from the district court's certificate of appealability whether this claim is properly before us, having already held that there was no state-created impediment in this case, we need not consider it.

Finally, Maclin contends that the district court erred by failing to hold an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2254 Cases. Since there is no indication that Maclin raised this claim before the district court, it is waived on appeal.

## III

For the foregoing reasons, we AFFIRM the judgment of the district court.