John Foley, Frederick Fleming and Dennis Corkery
v. The People.

*Bill of exceptions: Error.* Notwithstanding a bill of exceptions in a criminal case may disclose the fact that proof essential to a conviction was not offered; yet, unless some question was made upon it before the court below, a conviction will not be disturbed for that cause, upon writ of error.

*Discrediting witnesses.* To be a deserter from a foreign army is not a fact that will of itself impeach the credit of a witness. As one among other facts offered to show the antecedent life of the witness, it is within the discretion of the court to admit or reject it.

*Heard January 5. Decided January 10.*

Error to the Recorder's Court of Detroit.

*S. Larned* and *F. A. Baker*, for plaintiff in error.

*Dwight May, Attorney General,* for defendants in error.

GRAVES, J.

The plaintiffs in error were tried in the Recorder's court of Detroit for robbery, and having been convicted and sentenced, have brought error to this court. Several errors were alleged, but all but two were abandoned on the argu-

ment, and of these but one involves any question which can be examined on writ of error. It is true that the bill of exceptions states that the people omitted to prove that what was taken by the prisoners was the property of Duffey, as laid in the information, and also omitted to prove that the property taken was of value. But it does not appear that any question was made about such omission in the court below, or that any ruling or direction was made or sought on the subject, and hence the record presents no action or decision of the Recorder's Court on this point for review.

The single question remaining is raised on the exclusion of a question put to Duffey, on his cross-examination by the prisoners' counsel. That question was whether he was a deserter from the English army? This question was not relevant to the issue, and a bare affirmative answer could in no wise have impaired his credit as a witness, except upon inferences which the law does not make. We cannot adjudge that the single circumstance that a man has escaped from the military service of a foreign government is one which should detract from his veracity as a witness in our courts. If the inquiry was directed to draw from the witness an account of his antecedent life and conduct, to enable the jury to judge of the value and trustworthiness of his testimony, or the correctness of any part of it, it was subject to be regulated by the sound discretion of the court; and on looking at the record we observe that the witness was allowed to be cross-examined at much length as to his past history, and certainly far enough to make the ruling in question unobjectionable.

It must not be inferred, however, from these observations that a fact of the kind here called for or any similar one, apparently irrelevant when standing alone, may not as matter of right be inquired about if shown by an offer to

prove other facts, or by the course of the evidence to have a real bearing upon some point or points in issue, or on the credit of the witness.

The record forbids any consideration of the question in this aspect.

The judgment must be affirmed.

The other Justices concurred.