PEOPLE v RANKIN

CRIMINAL LAW—BREAKING AND ENTERING—EVIDENCE—POSSESSION OF
STOLEN GOODS.

   Possession of stolen goods does not, without more, establish a
   prima facie case of breaking and entering with intent to
   commit larceny; where the evidence when taken as a whole and
   construed most favorably toward the prosecution failed to place
   a defendant at the scene of a breaking and entering with which
   he was charged, the prosecution failed to prove the charge
   lodged against the defendant.

Appeal from Van Buren, David Anderson, J.
Submitted Division 3 December 6, 1973, at Grand
Rapids. (Docket No. 15205.) Decided March 7,
1974.

Larry W. Rankin was convicted of breaking and
entering an occupied dwelling with intent to com-
mit larceny. Defendant appeals. Reversed and
charge dismissed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William C. Buhl,*
Prosecuting Attorney, and *Richard L. Halpert,*
Assistant Prosecuting Attorney, for the people.

*Michael C. Moran,* Assistant State Appellate
Defender, for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and
McGREGOR, JJ.

REFERENCE FOR POINTS IN HEADNOTE
66 Am Jur 2d, Receiving and Transporting Stolen Property § 19 *et
seq.*

PER CURIAM. Defendant was charged with breaking and entering an occupied dwelling with intent to commit larceny. MCLA 750.110; MSA 28.305. After a trial by jury, the defendant was found guilty of the crime charged and was subsequently sentenced to a term of from 5 to 15 years imprisonment.

Of the numerous allegations of error raised by the defendant, we find one to be decisional, namely, whether the trial court erred by denying a defense motion for a directed verdict of acquittal.

At trial the evidence presented revealed that between the hours of 8:15 a.m. and 3:30 p.m. on November 15, 1971, a certain private dwelling located in Van Buren County was broken into and several items of personal property were stolen from it. Defense counsel stipulated to the fact that there was a breaking and entering, but argued that the defendant did not perpetrate the crime. A witness testified as to purchasing some of the stolen property from the defendant at approximately 4 p.m. on November 15, 1971. The police, acting on a tip, arrested the defendant at 6:20 p.m. the same evening. The arrest was made for breaking and entering but not for the breaking and entering charged in the instant case.

In an effort to place the defendant at the scene of the crime, the prosecution introduced two incriminating statements made by the defendant. The first statement related to the fact that when the police stopped the defendant in the vehicle he was driving, defendant stated, "What are you looking at that car for? That is not the one we used." In the second statement, the defendant admitted involvement in numerous other breaking and enterings. It should be noted, however, that the defendant did not admit that he broke into the house at issue in the present case.

At the close of the people's case, defense counsel moved for a directed verdict of acquittal on the grounds that there was no proof defendant actually perpetrated the breaking and entering. The motion was denied.

Both the prosecution in opposing the motion for the directed verdict of acquittal, and the trial court in denying the motion, relied heavily on the fact that the defendant was found in possession of goods stolen in the breaking and entering on the same day the crime occurred. The inference to be drawn from this fact is clear:

"[U]nexplained possession of property recently stolen, *unaccompanied by other facts or circumstances indicating guilt,* will not sustain a conviction for breaking and entering, even though it is some evidence the possessor is guilty of theft." *People v McDonald,* 13 Mich App 226, 236–237; 163 NW2d 796 (1968), *lv den* 381 Mich 795 (1968). (Emphasis supplied.)

The prosecution and the defendant agree that the foregoing quotation from *McDonald* is a correct statement of the law. However, the controversy centers upon what are the "other facts or circumstances indicating guilt" which will sustain a conviction for breaking and entering. A review of recent authorities on the question is helpful in further defining the phrase "other facts and circumstances indicating guilt."

In *People v McDonald, supra,* the defendant was found in possession of stolen property and claimed that there was insufficient evidence to support a charge of breaking and entering. We disagreed inasmuch as tire tracks placed the defendant at the scene of the crime where the property was stolen and defendant's vehicle, a strange one in a small town, was observed some two hours before the crime within a half mile from the scene.

Likewise in *People v Tiensley,* 34 Mich App 102; 190 NW2d 745 (1971), where the defendant fit a description given by a witness, the defendant had burrs on his coat matching those found in the victim's home, and the defendant attempted to hide when seen by the police, we concluded that these additional facts were sufficient to uphold a conviction of breaking and entering.

In *People v Moore,* 39 Mich App 329; 197 NW2d 533 (1972), we held that finding the defendant in possession of stolen goods in a parking lot adjoining the building which had been broken into was sufficient evidence to sustain a conviction for breaking and entering.

Finally, in *People v Brown,* 42 Mich App 608; 202 NW2d 493 (1972), we upheld a conviction for breaking and entering where the defendant told a witness he was going to get a stereo which he had seen in a place he had broken into, that he was going to get some help to move it that night because of the stereo's weight, the defendant returned to the witness's home later that evening and announced he had a large stereo in his auto, the witness was disabled and did not go to the car but the defendant telephoned the following day and let the witness listen to the stereo, and the stereo in the defendant's possession was stolen.

The cases discussed above are similar in that: (1) all involve a breaking and entering charge; (2) the accused was found in possession of stolen property; and (3) the added circumstances that were deemed to justify the charge and conviction related directly toward placing the accused at the scene of the crime. Since the defendant in the present case was charged with breaking and entering and found in possession of stolen property, the remaining question for determination is whether there was

evidence presented, other than the mere possession of stolen goods, which placed the defendant at the scene of the crime.

A review of the record discloses that there were no eyewitnesses to the crime placed on the stand who could testify as to the identity of defendant as the perpetrator of the crime, nor was any evidence presented indicating the defendant's whereabouts during the time the crime allegedly occurred. Moreover, since the prosecution contended that the break-in was committed between the hours of 8:15 a.m. and 3:30 p.m., defendant's arrest some 30 miles from the scene at 6:20 p.m. on the date in question cannot be said to be so near in either place or time as to link the defendant to the scene. The prosecution's contention that defendant's statement concerning his *modus operandi* placed the defendant at the scene is without merit, particularly in view of the fact that there was nothing unusual about the defendant's method of breaking and entering to indicate that he committed the crime charged. While evidence of similar crimes is properly admissible to show intent, scheme, plan, system of doing an act or the like, MCLA 768.27; MSA 28.1050, such evidence cannot be used to show that an accused was more likely to have committed the crime charged. *People v Wood,* 44 Mich App 99; 205 NW2d 66 (1972). Furthermore, defendant's statement that the car he was driving at the time he was arrested was not the one he "used" lacks any evidential value for the purpose of placing the defendant at the scene of the crime inasmuch as at the time he made the statement defendant was not under arrest for the crime charged in the present case. In addition, no witnesses identified the car as being at the scene nor was the auto linked to the scene via tire tracks. The closest the prosecution could come to placing

the defendant at the scene was in a 20–30 mile area from the burglarized home. This is not sufficient. In short, taking the prosecution's evidence as a whole and construing it most favorably toward the prosecution, we find the record barren of any evidence which would place the defendant at the scene of the crime charged herein. The possession or sale of stolen goods will not, without more, establish a prima facie case of breaking and entering with intent to commit larceny. Such is the case here. Although we conclude in light of the foregoing that the trial court erred by denying defendant's motion for a directed verdict of acquittal on the breaking and entering charge, nothing contained in this opinion will prevent the prosecutor from charging the defendant with other related lesser crimes, *i.e.,* receiving or selling stolen property.

Having determined that the people failed to prove the charge lodged against the defendant, the other issues raised concerning the trial court's instructions to the jury and the effectiveness of defendant's attorney need neither be discussed nor decided.

Defendant's conviction is reversed, and the charge of breaking and entering an occupied dwelling with intent to commit a larceny is hereby dismissed.