PEOPLE v BENEVIDES

1. CRIMINAL LAW—TRIAL JUDGE—DIRECTED VERDICT—EVIDENCE—EL-
   EMENTS OF CRIME CHARGED—JURY.

   A trial judge, in considering a motion for a directed verdict, must
   first decide if there is evidence from which the jury can
   reasonably infer all of the elements of the crime charged.

2. APPEAL AND ERROR—CRIMINAL LAW—MOTIONS—DIRECTED VER-
   DICT—STANDARD OF REVIEW.

   An appellate court when reviewing a determination on a motion
   for a directed verdict must: (1) consider only the evidence which
   has been introduced at the time the motion was made; (2) view
   that evidence in the light most favorable to the prosecutor; and
   (3) determine whether that evidence, if creditable and believed,
   would justify a reasonable man in concluding that all the
   elements of the crime were established beyond a reasonable
   doubt.

3. CRIMINAL LAW—BREAKING AND ENTERING—OCCUPIED DWELLINGS
   —ELEMENTS OF THE CRIME.

   The elements of breaking and entering an occupied dwelling are:
   (1) the breaking and entering; of (2) an occupied dwelling; with
   (3) felonious intent.

4. CRIMINAL LAW—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—BASIS
   FOR CONVICTION.

   A jury conviction may rest on evidence which is circumstantial in
   nature.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 75 Am Jur 2d, Trial § 336.
[3] 13 Am Jur 2d, Burglary § 1.
[4] 29 Am Jur 2d, Evidence § 266.
[5] 75 Am Jur 2d, Trial § 724.
[6] 75 Am Jur 2d, Trial § 849.
[7] 75 Am Jur 2d, Trial § 906.
[8] 75 Am Jur 2d, Trial §§ 623, 928, 929.
[9] 13 Am Jur 2d, Burglary § 54.
[10] 5 Am Jur 2d, Appeal and Error § 894.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—AIDING AND ABETTING.

A trial judge's instructions to the jury which include an aiding and abetting theory are entirely proper where there is evidence that more than one person was involved in the commission of a crime, and where there is evidence that a defendant's role in the commission thereof may have been something less than a direct participation in the original wrongdoing.

6. CRIMINAL LAW—EVIDENCE—MOTIONS—DIRECTED VERDICT— CIRCUMSTANTIAL EVIDENCE—AIDING AND ABETTING.

A trial judge was correct in denying a defendant's motion for a directed verdict where there was circumstantial evidence of the defendant's guilt as a principal and also sufficient evidence for the jury to consider an aiding and abetting basis for the defendant's guilt.

7. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR— FAILURE TO OBJECT—MISCARRIAGE OF JUSTICE.

The issue of improper instructions to the jury is not properly before the Court of Appeals where there has been no objection to the instructions by defense counsel in the trial court; nonetheless, a jury verdict may be set aside if the instructions given result in a miscarriage of justice.

8. TRIAL—INSTRUCTIONS TO JURY—INCORRECT INSTRUCTIONS—MANI- FEST INJUSTICE—CONTROLLING ISSUES.

Incorrect jury instructions will not result in a manifest injustice unless they pertain to a basic and controlling issue in the case.

9. CRIMINAL LAW—BREAKING AND ENTERING—POSSESSION OF STOLEN PROPERTY—THEFT—INFERENCE OF GUILT.

Unexplained possession of property recently stolen will not sustain a conviction for breaking and entering unless accompanied by other facts or circumstances indicating guilt, although it is some evidence that the possessor is guilty of theft and permits an inference that the possessor is the thief.

10. APPEAL AND ERROR—INSTRUCTIONS TO JURY—ENTIRE INSTRUC- TIONS.

Jury instructions must be read in their entirety on appeal and not solely as isolated sections or sentences.

Appeal from Wayne, Roman S. Gribbs, J. Submitted July 6, 1976, at Detroit. (Docket No. 25461.) Decided September 8, 1976.

Rene Benevides was convicted of breaking and entering an occupied dwelling. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training & Appeals, and *Charles P. Kellett,* Assistant Prosecuting Attorney, for the people.

*Larry L. Emmert,* for defendant.

Before: J. H. GILLIS, P. J. and T. M. BURNS and W. VAN VALKENBURG,* JJ.

W. VAN VALKENBURG, J. The defendant was jury convicted of breaking and entering an occupied dwelling on February 11, 1975, MCLA 750.110; MSA 28.305, and sentenced to a term of from 5 to 15 years.

For a clear understanding of the issues, a brief statement of fact is essential. While the owner of the house broken into was on vacation on December 3, 1974, it was being watched by residents who lived two doors away. At about 9:30 that evening neighbors observed a pickup truck in the drive, lights being turned on and the side door open. They called the police, but the intruders left before they arrived. The neighbor followed the pickup in his own car for about three miles, where it stopped in the parking lot of a donut shop. The police found two men there, one standing and the other underneath the vehicle, apparently attempting to make repairs. Jewelry taken from the former and a television set in the truck were identified as articles missing from the home. A search of

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the defendant, the man beneath the pickup, disclosed a key ring and a silver dollar which were also identified by the homeowner.

The defendant's companion pled guilty to the charge and claimed that a Ronnie Olson was with him at the time of the break-in and had disappeared. His story was told after several conversations with the defendant. He admitted that he perjured himself at the time the information was given to the police, but insisted that he had given the coin and key chain to the defendant before defendant attempted to make the alleged repairs. The defendant did not take the stand in his own defense during the trial.

The trial judge denied a motion for a directed verdict. Hence, the first issue is whether or not this action was proper.

The trial judge, in considering such a motion, must first decide if there is evidence from which the jury can reasonably infer all the elements of the charged crime. *People v Compton,* 23 Mich App 42; 178 NW2d 133 (1970), *People v Kyllonen,* 66 Mich App 467; 239 NW2d 410 (1976).

On appeal, the reviewing court in passing on a motion for directed verdict must: (1) consider only the evidence which has been introduced at the time the motion was made; (2) view that evidence in the light most favorable to the prosecutor; and (3) determine whether that evidence, if creditable and believed, would justify a reasonable man in concluding that all the elements of the crime were established beyond a reasonable doubt. *People v Royal,* 62 Mich App 756; 233 NW2d 860 (1975), *People v Fudge,* 66 Mich App 625; 239 NW2d 686 (1976).

The elements of breaking and entering an occupied dwelling are: (1) the breaking and entering; of

(2) an occupied dwelling; with (3) felonious intent. *People v D'Argis,* 44 Mich App 186, 188; 205 NW2d 19 (1972), *People v Keatts,* 54 Mich App 618, 620; 221 NW2d 455 (1974).

It is clear from the above statement of facts that a crime was committed. The truck was traced directly from the scene to the parking lot where only the two men were found with stolen goods in their possession. Therefore, evidence was adduced at the trial relating to each of the elements.

The defendant, however, contends that no evidence was produced which identified him as one of the perpetrators of the crime. True, it was circumstantial in nature, but a jury conviction may rest on such evidence. *People v Ballenberger,* 51 Mich App 353, 356; 214 NW2d 742 (1974).

Further, it is within the realm of possibility that the jury based the verdict on an aiding and abetting theory provided in the jury instructions, MCLA 767.39; MSA 28.979. Such an instruction is entirely proper when there is evidence that more than one person was involved in the commission of a crime, and where there is evidence that defendant's role in the commission thereof may have been something less than direct participation in the original wrongdoing. *People v Ware,* 12 Mich App 512; 163 NW2d 250 (1968), *People v Wilborn,* 57 Mich App 277, 280; 225 NW2d 727 (1975). Therefore, a trial judge was correct in denying the motion for a directed verdict.

The second issue raised by defendant is more complex. He contends that the following exerpt from the charge was prejudicial: "I charge you also, ladies and gentlemen of the jury, that you may properly infer that one in possession of recently stolen property was the thief. But in order for possession to be grounds for such inference, it

must be exclusively recent and involve a conscious assertion of property by the defendant."

After the charge to the jury was completed the following colloquy took place between the court and the attorneys:

*"[The Court]:* Mr. McMahon, any additions or deletions to the charge?

*"Mr. McMahon [Prosecutor]:* No, your Honor. The people are satisfied with the charge of the Court.

*"The Court:* Mr. Solomon, any additions or deletions to the charge?

*"Mr. Solomon [Defense Counsel]:* No. Defense is satisfied, your Honor."

This statement of satisfaction on the part of defense counsel brings the issue within the purview of GCR 1963, 516.2 and *People v Wheat,* 55 Mich App 559, 563; 223 NW2d 73 (1974):

"Further, the alleged error relating to the instruction is not before this Court. Defense counsel not only failed to object to the instruction in the lower court, but he affirmatively expressed satisfaction with the charge."

Also see *People v Cardenas,* 21 Mich App 636, 639; 176 NW2d 447 (1970), *lv den,* 383 Mich 820 (1970).

Nevertheless, it has been said on many occasions that the jury verdict may be set aside if the instruction has resulted in a miscarriage of justice. However, even if we assume that the instruction was incorrect, it will not occasion manifest injustice unless it pertains to a basic and controlling issue in the case. *People v Neumann,* 35 Mich App 193, 196; 192 NW2d 345 (1971).

Accordingly, the question is whether a person

can be convicted of breaking and entering with the evidence as circumstantial as in the case at bar.

The disputed charge follows the law set forth in 4 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 2271, p 2484:

"Possession of stolen property, immediately subsequent to a larceny, may sometimes be almost conclusive evidence of guilt, but the presumption weakens with the time which has elapsed, and may scarcely arise at all if others besides the defendant have had equal access to the place where it was discovered, but the unexplained possession of stolen property is some evidence of guilt."

Fortunately, we have several decisions in Michigan involving breaking and entering and possession of stolen goods which will be of assistance in arriving at a proper conclusion.

One of the leading cases is *People v McDonald*, 13 Mich App 226, 236–237; 163 NW2d 796 (1968), *lv den*, 381 Mich 795 (1968), authored by Judge, now Justice LEVIN:

"The defendant is correct in saying that there is authority that unexplained possession of property recently stolen, unaccompanied by other facts or circumstances indicating guilt, will not sustain a conviction for *breaking and entering*, even though it is some evidence that the possessor is guilty of *theft*. See *People v McDonald*, 163 Mich 552, 555 [128 NW 737] (1910). In our opinion, there were presented to the jury additional facts and circumstances from which it could have found the defendant broke and entered Jerry's market."

The Supreme Court in *People v Tutha*, 276 Mich 387, 395; 267 NW 867 (1936), stated:

"Possession of stolen property within a short time

after it is alleged to have been stolen raises a presumption the party in possession stole it, and this presumption is either weak or strong depending upon the facts."

This Court in *People v Gordon,* 60 Mich App 412, 418; 231 NW2d 409 (1975), recently stated:

"Possession of the fruits of a robbery plus certain other facts and circumstances permits the inference that the possessor is the thief."

Also this Court in *People v Rankin,* 52 Mich App 130, 133; 216 NW2d 620 (1974), reviewed several cases and then promulgated the necessary elements to be considered under such circumstances as confront us in the case at bar:

"The cases discussed above are similar in that: (1) all involve a breaking and entering charge; (2) the accused was found in possession of stolen property; and (3) the added circumstances that were deemed to justify the charge and conviction related directly toward placing the accused at the scene of the crime."

Obviously, the third item is the one with which we are concerned. There were only two men present at the time of the arrest; the truck was conclusively shown to be the vehicle used in perpetrating the crime; the dollar and change would hardly seem proper renumeration for one making repairs; the arrest was made shortly after the crime was committed; and the entire affair took place late in the evening. The only evidence to the contrary was that stated by the co-defendant, given in such a way that it could easily have been disbelieved by the jury.

Before closing, however, we must examine the charge as a whole. On appeal, it is well established that instructions must be read in their entirety

and not solely as isolated sections or sentences. *People v Dye,* 356 Mich 271; 96 NW2d 788 (1959), *People v Iron,* 26 Mich App 235; 182 NW2d 342 (1970).

Examination of the charge discloses that heavy reliance was placed on the standard and approved instructions from *Gillespie, supra,* including presumption of innocence and reasonable doubt, intent, credibility of witnesses, circumstantial evidence, elements of the crime, that defendant's failure to testify would not be an inference of guilt, aiding and abetting and other usual items.

The employment of the word "thief", even though used in many opinions as quoted, was unfortunate and more properly should have been eliminated. Following a careful review of the charge as a whole, in light of the evidence presented plus the fact that counsel expressed complete satisfaction causes us to conclude, as stated in *McDonald, supra,* that sufficient additional facts and circumstances were presented to the jury whereby they were justified in finding a verdict of guilty.

Consequently, we find, for the reasons stated, that no reversible error occurred.

Affirmed.