PEOPLE v CLARK

Docket No. 77-3374. Submitted November 15, 1978, at Detroit.—Decided January 16, 1979.

Kin D. Clark, Francis E. Clark, Larry A. Clark and Harold E. Clark were convicted of breaking and entering a building with the intent to commit larceny and of possession of burglary tools, Wayne Circuit Court, James Montante, J. The defendants appeal, alleging (1) that the evidence presented was not sufficient to bind them over or to support a conviction, (2) that the breaking of an interior wall to enter the main part of the building after initially entering the building without breaking is not a "breaking" as contemplated by the statute, and (3) that the prosecutor's closing remarks bolstered the credibility of the prosecution's witnesses and were prejudicial to the defendants. *Held:*

1. The record reveals that sufficient evidence was presented at both the preliminary examination and at trial.

2. The breaking of the inner portion of the building is a "breaking" sufficient to support the conviction for breaking and entering.

3. The remarks of the prosecutor were not objected to at trial and were not so patently offensive as to require reversal; therefore, appellate review of this alleged error is precluded.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — SUFFICIENCY OF EVIDENCE — EACH ELEMENT OF CHARGED OFFENSE.

All that is required, in a criminal prosecution, is that the prosecutor introduce some competent direct or circumstantial evidence as to each element of the crime charged so as to support

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur 2d, Evidence § 1172.
[2, 4] 13 Am Jur 2d, Burglary §§ 11, 12.
[3] 13 Am Jur 2d, Burglary § 21.
[5] 75 Am Jur 2d, Trial §§ 285, 315.
  Counsel's appeal in criminal case to racial, national, or religious prejudice as ground for mistrial, new trial, or reversal. 45 ALR2d 303.

a jury's finding of guilt beyond a reasonable doubt; it is for the jury, not the court, to weigh the evidence.

2. BURGLARY — BREAKING AND ENTERING — BREAKING — FORCE.
   To constitute a breaking, sufficient for a breaking and entering charge, the slightest force is all that is necessary.

3. BURGLARY — BREAKING AND ENTERING — OPEN EXTERIOR DOOR — INNER DOOR — FORCE.
   Entry through an open exterior door of a building does not preclude a verdict of guilty of breaking and entering where the evidence shows that an inner room or compartment of the building was broken into.

4. BURGLARY — BREAKING — FORCE — OTHER ELEMENTS OF OFFENSE.
   An entrance into a building is a breaking sufficient in law to constitute burglary if any force at all is necessary to effect the entrance into the building through any place of ingress, usual or unusual, whether open, partly open or closed, where the other elements of the offense are present.

5. CRIMINAL LAW — ARGUMENT OF COUNSEL — PRESERVING QUESTION.
   Appellate review of the propriety of a prosecutor's closing argument is precluded in the absence of objection unless failure to consider the issue would result in a miscarriage of justice.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney Appeals, and *Paul C. Louisell,* Assistant Prosecuting Attorney, for the people.

*George Stone,* for defendants on appeal.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and BASHARA, JJ.

BASHARA, J. Defendants appeal from a jury conviction of breaking and entering a building with the intent to commit larceny contrary to MCL 750.110; MSA 28.305, and possession of burglary tools in violation of MCL 750.116; MSA 28.311.

The facts in this case indicate that at approximately 12:20 a.m., a silent alarm at Uncle John's Pancake House was triggered. A patrol car dispatched to the scene stopped the defendants' car exiting the restaurant's parking lot. An inspection of the building revealed that a large hole had been broken through the wall from the boiler room into the restaurant kitchen.

The boiler room shared a common wall with the kitchen but had no direct access to the restaurant. Entrance to the boiler room was through two warped doors that could not be locked. The restaurant had been ransacked and the combination dial pried off the floor safe.

Defendants were arrested and a search revealed a screwdriver, flashlight, blue hexagon crowbar, a tire iron, wire cutters and black leather gloves. A state police lab report indicated the paint on the boiler room wall appeared identical to that found on the crowbar, and that marks left on the wall were the shape and color of the crowbar and tire iron.

The defendants claimed that car problems had forced them to pull off the road into the parking lot and that the tools in the car belonged to their father, who was a carpenter.

Defendants contend that the evidence presented was not sufficient to bind over or to support a conviction. However, a review of the record reveals sufficient evidence was presented at both the preliminary examination and trial.

In a criminal prosecution, all that is required is that the prosecutor introduce some competent direct or circumstantial evidence as to each element of the crime charged so as to support the jury's finding of guilt beyond a reasonable doubt. *People v Meadows,* 80 Mich App 680, 691; 263 NW2d 903

(1977), *People v Atley,* 392 Mich 298, 309; 220 NW2d 465 (1974). It is for the jury, not the court, to weigh the evidence. *People v Eastway,* 67 Mich App 464, 469; 241 NW2d 249 (1976), *People v Palmer,* 392 Mich 370, 376; 220 NW2d 393 (1974).

Defendants' most interesting contention is that breaking an interior wall to enter the main part of a building after initially entering without breaking into the outer room is not a "breaking" as contemplated by the statute.

This issue seems to be one of first impression in Michigan.[1] Authority dictates that the slightest force is all that is necessary to constitute a breaking. Pushing open a door has been held to be sufficient force. *People v Davis,* 22 Mich App 70, 71; 176 NW2d 715 (1970).

Testimony elicited at trial indicated that the warped boiler room doors showed no sign of forced entry. However, nothing in the record indicates whether the doors were closed prior to the entry and contradictory testimony was offered as to their position when the police arrived.

If the boiler room doors had been closed or even partially closed, opening them would constitute a "breaking".

Assuming, however, that the exterior doors were open, the hole broken in the interior wall still brings the facts of this case within the purview of the statute.

Other jurisdictions with similar statutes have

---

[1] In *People v Nolan,* 22 Mich 228 (1871), the defendant entered a store from its cellar by removing an iron grating near an open cellar window, and then going up a stairway and through a trapdoor. Defendant claimed that the only breaking was an interior one of the trapdoor and that such breaking did not come within the provisions of the statute. The Court did not reach the issue, finding the removal of the grating sufficient to constitute a breaking.

held that a breaking of an inner portion of a building constitutes the requisite element for burglary.

In *Bowie v State,* 401 SW2d 829, 831 (Tex Crim App, 1966), the Texas Court of Appeals said:

"Entry through an open exterior door does not preclude a verdict of guilty where the evidence shows that an inner room or compartment of the building is broken into."

In a recent case, the Florida Court of Appeals held that,

"the breaking of an inner door or structure within an open building constitutes a breaking for purposes of the burglary statute." *Cartey v State,* 337 So 2d 835, 837 (Fla App, 1976).

See also *State v Cookson,* 293 A2d 780 (Me, 1972), and Anno: *Breaking and entering of inner door of building as burglary,* 43 ALR3d 1147.

The rule in Michigan has been stated to be that,

"if any force at all is necessary to effect an entrance into a building, *through any place of ingress, usual or unusual,* whether open, partly open or closed, such entrance is a breaking sufficient in law to constitute burglary, if the other elements of the offense are present." (Emphasis added.) *People v White,* 153 Mich 617, 621; 117 NW 161 (1908).

Defendants' final contention is that the prosecutor's closing remarks bolstered his witnesses' credibility and were prejudicial. Defendants' failure to raise an objection at trial precludes appellate review unless it would result in a miscarriage of justice. *People v Duncan,* 402 Mich 1, 16; 260

NW2d 58 (1977). The remarks were not so patently offensive so as to require reversal. See *People v Foster,* 77 Mich App 604, 611; 259 NW2d 153 (1977).

Affirmed.