PEOPLE v TOOLE

Docket No. 198681. Submitted November 4, 1997, at Lansing. Decided February 3, 1998, at 9:25 A.M.

Bobby D. Toole was convicted by a jury in the Saginaw Circuit Court, Robert L. Kaczmarek, J., of breaking and entering with intent to commit larceny and subsequently was convicted by the court of being a third-offense habitual offender. The defendant appealed.

The Court of Appeals *held*:

1. The breaking element of the underlying offense was established with proof that the defendant, while in a building that was open to the public, had opened the unlocked door to a storage room with a "keep out" sign, an area that he was not lawfully permitted to be in. The breaking of an inner portion of a building constitutes the requisite element for burglary.

2. The defendant's entry into the storage room was established through the testimony of a custodian who saw the defendant in a room adjoining the storage room, closed the storage room door, and found it open five minutes later and through the testimony of a security officer who saw the defendant carrying a computer monitor and confirmed that the monitor had been taken from the storage room.

3. The trial court properly instructed the jury about the element of breaking when it said that the "element of breaking may be satisfied where the evidence shows that an inner room or compartment of a building was broken into, but was not open to the public."

Affirmed.

BURGLARY — BUILDINGS OPEN TO PUBLIC — INNER ROOMS OR COMPARTMENTS NOT OPEN TO PUBLIC.

The breaking element of breaking and entering a building with intent to commit larceny is satisfied where a person who, while in a building that is open to the public, opens an unlocked door to a room or compartment that is not open to the public with the intent of committing a larceny therein (MCL 750.110; MSA 28.305).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael D. Thomas*, Prose-

cuting Attorney, and *J. Thomas Horiszny*, Assistant Prosecuting Attorney, for the people.

*Daniel D. Bremer*, for the defendant on appeal.

Before: SAAD, P.J., and HOLBROOK, JR., and DOCTOROFF, JJ.

DOCTOROFF, J. After a jury trial, defendant was convicted of breaking and entering with intent to commit larceny, MCL 750.110;   MSA 28.305,   and was subsequently convicted of being an habitual offender, third offense, MCL 769.11;   MSA 28.1083.   He was sentenced to thirty months' to ten years' imprisonment. He now appeals as of right. We affirm.

Defendant's convictions arise out of an incident that occurred at the International Center at Delta College in Saginaw. On April 11, 1996, at approximately 3:00 P.M., Bruce Walbecq, a Delta College maintenance worker, entered a storage room to get a ladder. The storage room adjoined a large classroom that was used for a class in building totem poles. When he left the storage room to go to the adjoining classroom, he turned off the light and closed the door. He observed defendant in the classroom admiring one of the totem poles and assumed that defendant was a student in the class. Walbecq and defendant were the only people in the classroom. Walbecq took the ladder outside the building and returned to the classroom about five minutes later. He noticed that the door to the storage room was open and the light was on. Defendant was gone.

At about the same time, a security officer at the International Center observed defendant carrying a computer monitor through the first-floor area of the

building. In response to questioning, defendant told the officer that he had brought the monitor in for repair. The officer told defendant that there were no repair facilities in the building, and defendant walked away, indicating that he was taking the monitor to his car. The officer followed defendant outside the building and asked him to bring the monitor into the building so that he could check the serial numbers. The officer recognized the monitor as one he had seen in the storage room because it was marked with a "backup" sticker. When police arrived, defendant ran away, leaving the monitor behind. He was subsequently apprehended by Saginaw police.

On appeal, defendant argues that the evidence was insufficient to convict him of breaking and entering with intent to commit larceny. In reviewing the sufficiency of the evidence in a criminal case, this Court must determine whether the evidence viewed in a light most favorable to the prosecution was sufficient to allow a rational trier of fact to find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Turner*, 213 Mich App 558, 565; 540 NW2d 728 (1995).

The elements of the offense of breaking and entering with intent to commit larceny are: (1) the defendant broke into a building, (2) the defendant entered the building, and (3) at the time of the breaking and entering, the defendant intended to commit a larceny therein. *People v Adams*, 202 Mich App 385, 390; 509 NW2d 530 (1993). Defendant argues that the evidence was insufficient to support the breaking element because he was lawfully in the building, which was open to the public, and only opened an inner door of the building. We disagree.

Under Michigan law, any amount of force used to open a door or window to enter the building, no matter how slight, is sufficient to constitute a breaking. *People v Wise*, 134 Mich App 82, 88; 351 NW2d 255 (1984). There is no breaking if the defendant had the right to enter the building. *People v Brownfield (After Remand)*, 216 Mich App 429, 432; 548 NW2d 248 (1996). In the present case, the International Center was open to the public. Therefore, defendant had a right to enter the building. However, the storage room, which was unlocked, was posted "keep out," and access to the storage room was restricted to maintenance and security personnel. This Court has previously held that a breaking of an inner portion of a building constitutes the requisite element for burglary. *People v Clark*, 88 Mich App 88, 91; 276 NW2d 527 (1979). Therefore, because defendant was not lawfully permitted to enter the storage room, his opening the door from the classroom to the storage room was sufficient to satisfy the element of breaking.

Defendant argues that *Clark* is inapplicable to the facts of the present case. In *Clark*, the defendants entered a building from the outside through the boiler room. There was no evidence of a forced entry into the boiler room, and there was nothing in the record to indicate whether the doors to the outside were open or closed. Once inside the boiler room, the defendants broke through an interior wall into the kitchen of a restaurant. *Id.* at 90-91. Defendant argues that the present case is distinguishable because there was no indication that the defendants in *Clark* were in the boiler room lawfully. By contrast, the International Center was open to the public, and defendant

was lawfully in the building before entering the storage room. However, because the basis for defendant's conviction was his entry into the storage room, and not his entry into the building itself, the only relevant inquiry is whether defendant was lawfully permitted to enter the storage room. Because the evidence establishes that he was not, his opening of the door to the storage room was sufficient to satisfy the breaking element of the offense. *Id.* at 91.

Defendant argues that the application of *Clark* to the present case would mean that any student at Delta College similarly could have been prosecuted for simply opening a door bearing an admonition to "keep out." However, this argument ignores the fact that the offense requires that the defendant have the specific intent to commit larceny at the time he commits the breaking and entering, *People v Hunt (After Remand)*, 214 Mich App 313, 316; 542 NW2d 609 (1995), and is therefore not persuasive.

Defendant next argues that the evidence was insufficient to support his conviction because there was no direct evidence that defendant entered the storage room, and there was insufficient evidence placing the monitor in the storage room on the date in question. Defendant relies on *People v Rankin*, 52 Mich App 130, 134; 216 NW2d 620 (1974), in which this Court held that the mere possession of stolen goods, without additional evidence placing the defendant at the scene of the crime, was insufficient to support a conviction of breaking and entering with intent to commit larceny. The present case is distinguishable. In *Rankin*, the breaking and entering occurred between the hours of 8:15 A.M. and 3:30 P.M., and the defendant was found thirty miles from the scene of the crime at

6:20 P.M. the same day. There were no eyewitnesses placing the defendant at the scene, and there was no evidence of the defendant's whereabouts at the time the breaking and entering allegedly occurred. By contrast, in the present case the prosecution presented evidence that defendant was present in the classroom that adjoined the storage room. Walbecq testified that he closed the door to the storage room, and returned five minutes later to find that the door was open, and defendant was no longer in the classroom. At the same time, defendant was seen carrying the computer monitor through the first-floor area of the building. When confronted by police, defendant fled. Witnesses also testified that the monitor had been in the storage room for at least three years, where it had been kept as a part of a backup computer unit. One witness testified that she periodically checked the building to ensure that items were not missing. There was no evidence that Delta College ever requested that the monitor be moved. Viewed in a light most favorable to the prosecution, this evidence was sufficient to permit a rational trier of fact to conclude that defendant opened the door to the storage room, entered the room, and removed the computer monitor.

Finally, defendant argues that the trial court erred in instructing the jury that the "element of breaking may be satisfied where the evidence shows that an inner room or compartment of a building was broken into, but was not open to the public." Because this instruction properly stated the law as announced in *Clark, supra,* we find no error.

Affirmed.