# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TROY EDWARD BUSH,

Defendant-Appellant.

FOR PUBLICATION
April 21, 2016
9:00 a.m.

No. 326658
Kalamazoo Circuit Court
LC No. 2014-001674-FH

Before: SAAD, P.J., and BORRELLO and GADOLA, JJ.

GADOLA, J.

Following an incident that occurred on November 17, 2014, at a home in Portage, Michigan, defendant was charged with one count of first-degree home invasion, MCL 750.110a(2); one count of assault with a dangerous weapon (felonious assault), MCL 750.82(1); and one count of resisting or obstructing a police officer, MCL 750.81d(1). Before trial, defendant sought leave to appeal an order granting the prosecution's motion for a special jury instruction relative to his charge of first-degree home invasion, which this Court denied. *People v Bush*, unpublished order of the Court of Appeals, entered July 16, 2015 (Docket No. 326658). Defendant then sought leave to appeal in the Michigan Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the case back to this Court for consideration of the jury instruction issue as on leave granted. *People v Bush*, 498 Mich 900; 870 NW2d 718 (2015). For the reasons below, we reverse the trial court's order granting the prosecution's motion and remand the case to the trial court for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

The circumstances underlying the charges in this case were set forth in the prosecution's motion for a special jury instruction. According to the alleged victim, Melissa Partain, on November 17, 2014, she barricaded herself in an upstairs bedroom of her home using a dresser after defendant sent her threatening text messages. Thereafter, defendant came upstairs and kicked the bedroom door open, forced the dresser out of the way, then entered the room and assaulted Partain. Partain indicated that she did not give defendant permission to be in the home.

The prosecutor also stated in his motion that Partain's adult son, Jason Switzer, who also resided in the home, would testify that he asked defendant to come over on November 16, 2014, to fix a bathtub, and defendant entered the home with Switzer's permission. Switzer indicated

-1-

that he heard his mother and defendant talking on the evening of November 16, 2014, and the morning of November 17, 2014. He left the home at 3:15 p.m. on November 17, 2014, and returned at around 6:00 p.m. to find the police at the home investigating the incident.

Defendant stated in an affidavit that the home was his primary residence until his arrest on November 17, 2014, and he received mail at the home, kept clothes and tools at the home, and occasionally spent the night at the home sleeping on a couch in the basement. Defendant explained that on November 16, 2014, Switzer asked him to come to the house to repair bathroom plumbing, and he stayed at the house until his arrest. According to defendant, the plumbing access panel for the bathtub was in the closet of the bedroom that Partain allegedly barricaded herself in, and at no time did he force his way into the bedroom by kicking the door open or forcing a dresser out of the way.

Before trial, the prosecution filed a motion requesting a special jury instruction on the home-invasion charge. In the motion, the prosecution recited the standard jury instruction found in CJI2d 25.2a,[1] and asserted that the standard instruction was insufficient to "cover a fact

---

[1] CJI2d 25.2a, which is now contained in M Crim JI 25.2a, provides the following:

(1) The defendant is charged with home invasion in the first degree. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

(2) First, that the defendant broke into a dwelling. It does not matter whether anything was actually broken; however, some force must have been used. Opening a door, raising a window, and taking off a screen are all examples of enough force to count as a breaking. Entering a dwelling through an already open door or window without using any force does not count as a breaking.

(3) Second, that the defendant entered the dwelling. It does not matter whether the defendant got [his/her] entire body inside. If the defendant put any part of [his/her] body into the dwelling after the breaking, that is enough to count as an entry.

[*Choose (4)(a) or (4)(b) as appropriate.*]

(4) Third,

(a) that when the defendant broke and entered the dwelling, [he/she] intended to commit [*state offense*].

(b) that when the defendant entered, was present in, or was leaving the dwelling, [he/she] committed the offense of [*state offense*].

(5) Fourth, that when the defendant entered, was present in, or was leaving the dwelling, either of the following circumstances existed:

-2-

pattern where a person lawfully enters the home, but then breaks into a room within the home to which he had no permission [to enter]." Citing *People v Clark*, 88 Mich App 88; 276 NW2d 527 (1979), *People v Toole*, 227 Mich App 656; 576 NW2d 441 (1998), and *People v Mosher*, unpublished opinion per curiam of the Court of Appeals, issued January 23, 2014 (Docket No. 312996), the prosecution argued that there was sufficient authority to support the proposition that when a defendant gains lawful access to a building, but has no right to enter an inner portion thereof, the defendant's use of force to gain entry into an inner portion is sufficient to constitute a "breaking" for purposes of the home-invasion statute. Accordingly, the prosecution requested the following special jury instruction: "Where a [d]efendant [g]ains access to a building without breaking, but has no right to enter an inner portion of that building, the defendant's use of force to gain entry into that inner portion is a breaking."

Defendant objected to the prosecution's motion, arguing that "the reason the Standard Jury Instruction does not 'cover a fact pattern where a person lawfully enters the home, but then breaks into a room within the home to which he had no permission to enter' [is because] such a fact pattern is outside the purview of [MCL 750.110a(2)]." Defendant reasoned that the term "dwelling," as defined by MCL 750.110a(1)(a), did not encompass "[a] room within the dwelling," and therefore a person could not be convicted of home invasion for breaking into an inner room of a dwelling if that person was already lawfully present in the dwelling. Following a hearing on the matter, the trial court granted the prosecution's motion.

## II. STANDARD OF REVIEW

This Court reviews de novo a claim of instructional error involving a question of law. *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). Likewise, this Court reviews de novo issues of statutory interpretation and construction. *People v Loper*, 299 Mich App 451, 463; 830 NW2d 836 (2013).

## III. ANALYSIS

"A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence against him or her." *Dobek*, 274 Mich App at 82. "The trial court's role is to clearly present the case to the jury and to instruct it on the applicable law." *Id*. "Jury instructions must include all the elements of the offense charged against the defendant and any material issues, defenses, and theories that are supported by the evidence." *Id*. Pursuant to MCR 2.512(D)(2), pertinent model jury instructions "must be given in each action in which jury instructions are given" if the model instructions "are applicable," "accurately state the applicable law," and "are requested by a party." The Michigan Court Rules do not limit the power of trial courts to give "additional instructions on applicable law not covered by the model instructions" as long as the additional instructions are "concise, understandable, conversational, unslanted, and

---

(a) [he/she] was armed with a dangerous weapon, and/or

(b) another person was lawfully present in the dwelling.

-3-

nonargumentative," and are "patterned as nearly as practicable after the style of the model instructions." MCR 2.512(D)(4). See also *Bouverette v Westinghouse Electric Corp*, 245 Mich App 391, 401-402; 628 NW2d 86 (2001) ("When the standard jury instructions do not adequately cover an area, the trial court is obligated to give additional instructions when requested, if the supplemental instructions properly inform the jury of the applicable law and are supported by the evidence.").

The home-invasion statute, MCL 750.110a, provides in pertinent part the following:

(2) A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

(a) The person is armed with a dangerous weapon.

(b) Another person is lawfully present in the dwelling.

Therefore, the elements of first-degree home invasion are: (1) the defendant either breaks and enters a dwelling or enters a dwelling without permission; (2) the defendant either intends when entering to commit a felony, larceny, or assault in the dwelling or at any time while entering, present in, or exiting the dwelling actually commits a felony, larceny, or assault; and (3) while the defendant is entering, present in, or exiting the dwelling, either (a) the defendant is armed with a dangerous weapon or (b) another person is lawfully present in the dwelling. MCL 750.110a(2); *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010).

As the prosecution acknowledged below, CJI2d 25.2a accurately states the law as it pertains to a typical first-degree home invasion prosecution in which a defendant breaks and enters a dwelling, as defined by MCL 750.110a(1)(a). Accordingly, the trial court was required to give the instruction in this case. MCR 2.512(D)(2).[2] However, as the prosecution acknowledged, neither CJI2d 25.2a nor any other standard instruction covers the situation alleged to be present in this case, in which "a person lawfully enters the home, but then breaks into a room within the home to which he had no permission [to enter]." In the absence of a standard jury instruction, the trial court may only give a special jury instruction if the instruction properly informs the jury of the applicable law. MCR 2.512(D)(4); *Bouverette*, 245 Mich App at 401-402. The question, then, is whether MCL 750.110a(2) allows the prosecution of a person who, while lawfully inside a dwelling, accesses an inner portion of the dwelling that he or she does not have permission to enter. Stated another way, we must determine whether the word

---

[2] Alternatively, if the prosecution's theory is that the defendant entered the dwelling without permission, M Crim JI 25.2c is the appropriate instruction. See Use Note 1 to M Crim JI 25.2a.

"dwelling" as used in MCL 750.110a, is meant to separately include each of the internal components of the dwelling in addition to the exterior or "envelope" of the "dwelling."

When interpreting statutes, the first step is to look at the statutory text. *Loper*, 299 Mich App at 464. "The Legislature is presumed to have intended the meaning it plainly expressed, and clear statutory language must be enforced as written." *Id.* If the plain and ordinary meaning of statutory language is clear, judicial construction is neither required nor permitted. *Id.* Courts may resort to dictionary definitions to ascertain the plain and ordinary meaning of words that are not defined by statute. *People v Armstrong*, 212 Mich App 121, 127; 536 NW2d 789 (1995). If a word is defined by statute, the word must be applied in accordance with its statutory definition. *People v Giovannini*, 271 Mich App 409, 413; 722 NW2d 237 (2006).

MCL 750.110a(2) proscribes the unlawful breaking and entering or entering without permission of a "dwelling." MCL 750.110a(1)(a) defines the word "dwelling" to mean "a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." Although the word "dwelling" must be construed in accordance with its statutory definition, *Giovannini*, 271 Mich App at 413, the inquiry does not end here. The statute does not further define the terms "structure," "shelter," or "abode," which are found within the statutory definition of "dwelling," so it is appropriate to refer to the dictionary definitions of these terms. *Armstrong*, 212 Mich App at 127. *Merriam-Webster's Collegiate Dictionary* (11th ed), defines "structure" as "something (as a building) that is constructed," and defines "shelter" as "something that covers or affords protection." Further, "abode" means "the place where one abides: HOME." *Merriam-Webster's Collegiate Dictionary* (11th ed). When viewed in the context of these additional definitions, it is plainly evident that the term "dwelling" as defined by MCL 750.110a(1)(a), refers to the whole of a structure or shelter used as a place of residence. Importantly, MCL 750.110a(1)(a) does not specifically indicate that a "dwelling" also includes the dwelling's inner parts. In the absence of any indication from the Legislature that the term "dwelling" includes the inner portions thereof, we agree with defendant's statutory argument that he could not be convicted of home invasion for entering an internal room of a dwelling that he was already lawfully within.

Notwithstanding the plain language of MCL 750.110a, however, published Michigan caselaw addressing a similar criminal statute, MCL 750.110, as well as unpublished caselaw addressing the home-invasion statute, run counter to this interpretation. In *Clark*, 88 Mich App 88, and *Toole*, 227 Mich App 656, this Court addressed the scope of MCL 750.110, which proscribes the breaking and entering, with intent to commit a felony or a larceny therein, of any "tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat, ship, shipping container, or railroad car." In *Clark*, 88 Mich App at 90-91, the defendant gained access to a boiler room, which abutted the kitchen of a restaurant, through "two warped doors that could not be locked," and thereafter broke into the kitchen by creating a hole in the wall that separated the two rooms. Challenging the sufficiency of the evidence underlying his conviction, the defendant argued that "breaking an interior wall to enter the main part of a building after initially entering without breaking into the outer room is not a 'breaking' as contemplated by the statute." *Id.* at 91. This Court rejected the defendant's argument, relying on cases from other jurisdictions that stood for the proposition that "a breaking of an inner portion of a building constitutes the requisite element for burglary." *Id.* at 91-92, citing *Bowie v State*,

401 SW2d 829, 831 (Tex Crim App, 1966); *Cartey v State*, 337 So2d 835, 837 (Fla App, 1976); *State v Cookson*, 293 A2d 780 (Me, 1972); and 43 ALR 3d 1147.

In *Toole*, 227 Mich App at 658-659, this Court relied on *Clark* to reject a defendant's challenge to the sufficiency of the evidence supporting his breaking and entering conviction. The evidence established that the defendant was seen inside a college classroom moments before a theft was discovered in an adjacent storage room that had a "keep out" sign posted on the door. *Id.* at 657, 659. The defendant was then seen carrying a computer monitor that was missing from the storage room. *Id.* at 657-658. The defendant argued that there was insufficient evidence to support his conviction under MCL 750.110 "because he was lawfully in the building, which was open to the public, and only opened an inner door of the building." *Id.* at 658. This Court acknowledged that the defendant had a right to enter the building, and that, under Michigan law, "[t]here is no breaking if the defendant had the right to enter the building." *Id.* at 659, citing *People v Brownfield (After Remand)*, 216 Mich App 429, 432; 548 NW2d 248 (1996). Nonetheless, relying on *Clark*, this Court held that the defendant's entry into the storage room was sufficient to support his conviction because "a breaking of an inner portion of a building constitutes the requisite element for burglary." *Toole*, 227 Mich App at 659.

Finally, in *Mosher*, unpub op at 1-2, a defendant was convicted of first-degree home invasion after he was given permission to enter the victim's attached garage, but then entered the living area of the victim's home without permission. The defendant argued that there was insufficient evidence to support his conviction under MCL 750.110a(2) because the attached garage was part of the "dwelling" as defined by MCL 750.110a(1)(a), and once he lawfully entered the garage, he "obtained permission to enter the entire dwelling." *Id.* at 1. This Court acknowledged that the home and attached garage "constituted one 'dwelling' within the meaning of MCL 750.110a," but concluded after examining *Clark* and *Toole* that "where a defendant gains access to a building without breaking, but has no right to enter an inner portion of that building, the defendant's use of force to gain entry into that inner portion is a breaking." *Id.* at 3. Accordingly, this Court held that the defendant's lawful presence in the dwelling did not preclude his conviction under MCL 750.110a(2) because the evidence established that he entered an interior portion of the dwelling without permission before assaulting the victim. *Id.*

Neither *Clark* nor *Mosher*[3] is binding on this Court, and *Clark* and *Toole* both dealt with a statute, MCL 750.110, that is not implicated in this case. Moreover, in *Clark*, the Court did not examine the plain language of MCL 750.110 to determine that the defendant's entry without permission into an interior room of a building that the defendant was otherwise lawfully within violated MCL 750.110, but rather relied on cases from other jurisdictions to reach its conclusion. *Clark*, 88 Mich App at 91-92, citing *Bowie*, 401 SW2d 829; *Cartey*, 337 So2d 835; *Cookson*, 293 A2d 780. Likewise, the *Toole* Court did not examine the plain language of MCL 750.110, but instead relied on this Court's holding in *Clark*. The *Mosher* Court did not examine the plain

---

[3] Pursuant to MCR 7.215(J)(1), a decision of the Court of Appeals published before November 1, 1990, is not binding on this Court. Further, pursuant to MCR 7.215(C)(1), unpublished opinions are not binding. See also *People v Green*, 260 Mich App 710, 720 n 5; 680 NW2d 477 (2004).

language of MCL 750.110a, but relied on the holdings in *Clark* and *Toole*. Upon reviewing the plain language of the home-invasion statute, it is evident that the term "dwelling" as used in MCL 750.110a(2) refers to the whole structure or shelter used as a place of residence.[4] Once a defendant enters a dwelling with permission, he cannot unlawfully enter the same dwelling where he is already lawfully present. This becomes clear when one considers that a "dwelling," under the definition of the term the Legislature supplied, includes a "structure," used as a "place of abode." Nowhere did the Legislature define this term to include the component parts of the structure. If instead the Legislature wanted to include interior rooms within "a structure or shelter that is used permanently or temporarily as a place of abode," MCL 750.110a(1)(a), as "dwellings" for purposes of MCL 750.110a(2), it could have done so, and might still do so, but thus far has not.

Accordingly, the reason CJI2d 25.2a does not cover a factual scenario in which a person lawfully enters a home, but then breaks and enters or enters without permission an interior room within the home, is because such a fact pattern does not fall within proscribed conduct under the plain language of MCL 750.110a(2).[5] Therefore, the trial court erred by granting the prosecution's request to provide the special jury instruction because the instruction did not properly inform the jury of the applicable law.

Reversed and remanded for further proceedings consistent with this opinion.


/s/ Michael F. Gadola
/s/ Henry William Saad
/s/ Stephen L. Borrello

---

[4] Indeed, this Court in *Mosher*, unpub op at 3, recognized as much when it concluded that "the garage and living area of the victim's home constituted one 'dwelling' within the meaning of MCL 750.110a . . . ."

[5] We further note that a conclusion that unauthorized entry into an interior room of a dwelling constitutes first-degree home invasion under MCL 750.110a(2) would raise a host of problematic questions. For instance, if multiple residents live in the same dwelling, who sets the limits as to which rooms can or cannot be entered? Once a person obtains permission to enter an interior portion of a dwelling, can that permission be revoked? And if so, how must the revocation be communicated? What if a person who has general permission to be in a dwelling enters an interior room without permission, intending to commit a larceny therein, and another person is lawfully within the dwelling, but not within the room itself?