*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

REED LEE OVERMYER,

        Defendant-Appellant.

UNPUBLISHED
February 18, 2025
2:41 PM

No. 369053
Eaton Circuit Court
LC No. 2023-020093-FH

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

A jury convicted defendant (in relevant part[1]) of breaking and entering, MCL 750.110, willful and malicious destruction of personal property, MCL 750.377a(1)(b)(*i*), and entering without breaking, MCL 750.111. He was sentenced as a fourth-offense habitual offender, MCL 769.12(1)(b), to serve 72 months to 15 years' imprisonment for each count concurrently. Defendant appeals by right, challenging the sufficiency of the evidence supporting his convictions and contending that his sentences were disproportionate to the offenses. We affirm.

## I. BACKGROUND

This case arises from two incidents that occurred on January 16, 2023. The first involved defendant entering a trailer belonging to Thomas Hector and damaging its interior. Hector testified that after hearing loud noises outside his house, he went to investigate. While looking under his automobile, he heard a loud crash and saw defendant near a broken trailer window. Hector initially testified that defendant "had exited the camper through one of the side windows," but on cross-examination, he clarified that he saw defendant standing on the ground outside the broken window. Hector then observed defendant walking away. When Hector inspected the interior of the trailer, he found extensive damage: the window was smashed, the floor was wet and broken, and items from totes were scattered on the floor. There were also kick marks on the exterior of the trailer.

---

[1] Defendant was also convicted of two counts of resisting and obstructing a police officer, MCL 750.81d(1), but he does not challenge those convictions on appeal.

Hector testified that he had left the trailer closed but unlocked. Due to the damage, Hector's insurer declared the trailer a total loss.

The second incident occurred when defendant entered Allen Emerson's garage. Emerson testified that his security cameras alerted him to someone near his garage. When he investigated, he found defendant sitting on his electric bike inside the garage. Despite Emerson's demands to leave, defendant initially ignored him before asking for directions south. Emerson pointed defendant in the right direction, and defendant left the garage, instead heading north.

At trial, defendant testified that he was bicycling from Lansing to Parma when he was struck by a car, forcing him to leave his bike on the roadside. He denied entering Hector's trailer and claimed he only peeked into Emerson's garage. He also testified that Emerson threatened him with a gun before providing directions to Parma. For the trailer incident, defendant was convicted of breaking and entering and malicious destruction of property. For the garage incident, defendant was convicted of entering without breaking with intent to commit a larceny.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first submits that the prosecution failed to present sufficient evidence to convict him of breaking and entering, malicious destruction of property, and entering without breaking. We disagree.

"We review de novo a challenge to the sufficiency of the evidence." *People v Ventour*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363922); slip op at 5. "[W]hen determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

## A. BREAKING AND ENTERING

Defendant first challenges the sufficiency of the evidence for his conviction under MCL 750.110(1). "The elements of breaking and entering a structure with the intent to commit a felony are: (1) the defendant broke into a structure, (2) the defendant entered the structure, and (3) at the time of the breaking and entering, the defendant intended to commit a felony." *People v Smith*, 318 Mich App 281, 288; 897 NW2d 743 (2016). "[A]ny amount of force used to open a door or window to enter the building, no matter how slight, is sufficient to constitute a breaking." *People v Toole,* 227 Mich App 656, 659; 576 NW2d 441 (1998).

Defendant contends there was insufficient evidence to establish that he broke into or entered the trailer because Hector did not see him exit it. However, Hector testified that he heard a noise and then saw defendant outside the broken trailer window, allowing a reasonable inference that defendant had been inside. Defendant also submits that because the trailer door was unlocked, he could not have "broken into" it. But opening a closed door, even if unlocked, constitutes a breaking. See *People v Wise*, 134 Mich App 82, 88-89; 351 NW2d 255 (1984). Hector's

testimony that he routinely closed the trailer door further supports the inference that defendant broke into the trailer.

## B. WILLFUL AND MALICIOUS DESTRUCTION OF PERSONAL PROPERTY

Defendant next challenges his conviction under MCL 750.377a(1)(b)(*i*). "To be convicted of malicious destruction of property, a defendant must have intended to injure or destroy the property in question." *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999). Defendant's sole argument is that the prosecution cannot prove he was inside the trailer. As discussed above, the evidence supporting defendant's breaking and entering conviction also establishes that he was inside the trailer for this conviction.

## C. ENTERING WITHOUT BREAKING

Finally, defendant challenges his conviction under MCL 750.111, which "has two elements: (1) entering a building or structure without breaking and (2) having the intent to commit a larceny therein when entering." *People v Heft*, 299 Mich App 69, 74; 829 NW2d 266 (2012). Defendant claims there is no evidence he intended to commit a larceny.

Emerson testified that he found defendant in his garage, sitting on his electric bike with hands on the handlebars. Defendant admitted leaving his bike on the side of the road and attempting to reach Parma, suggesting he intended to steal Emerson's bike for transportation. That supports the jury's finding that defendant entered the garage with larcenous intent.

## IV. SENTENCING

Defendant also contends that the trial court failed to justify imposing a 72-month minimum sentence, which he believes was disproportionate to the offenses and defendant. We disagree.

Sentencing decisions are reviewed for an abuse of discretion. *People v Posey*, 512 Mich 317, 325; 1 NW3d 101 (2023) (opinion by BOLDEN, J.). "A trial court abuses its discretion if the imposed sentence is not 'proportionate to the seriousness of the circumstances surrounding the offense and the offender.'" *Ventour*, ___ Mich App at ___; slip op at 7, quoting *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017).

Here, the guidelines minimum range was 19 to 76 months, and the trial court sentenced defendant to a minimum term of 72 months. "When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate." *Posey*, 512 Mich at 360. "A defendant may overcome the presumptive proportionality of a within-guidelines sentence by presenting unusual circumstances that would render the presumptively proportionate sentence disproportionate." *Ventour*, ___ Mich App at ___; slip op at 8 (cleaned up).

Defendant claims that the 72-month minimum was disproportionate in light of the nonviolent nature of his offenses, the guidelines range, and the Michigan Department of Corrections' (MDOC) recommendation of a 24-month minimum in the Presentence Investigation Report (PSIR). However, defendant concedes that his sentence is within the guidelines range, and, under *Posey*, presumptively proportionate. Moreover, he fails to explain how the nonviolent

nature of his offenses constitutes an "unusual circumstance" requiring a lower sentence than the within-guidelines sentence he received. To the extent defendant suggests that it is unusual and potentially disproportionate for the trial court to impose a within-guidelines sentence that is substantially greater than the PSIR recommendation, we reject that argument. See *People v Klungle*, ___ Mich App ___, ___; ___ NW2d ___ (2024) (Docket Nos. 364125 and 367795); slip op at 6 ("The MDOC's sentence recommendation is not a proper consideration for this Court.").

Defendant also claims that the trial court inadequately explained its sentencing decision. We disagree. As an initial matter, a trial court is not required to articulate a justification before imposing a within-guidelines sentence. See *People v Posey (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 345491); slip op at 4. In any case, the trial court justified its decision by noting defendant's extensive criminal history, the danger he posed to the public, the significant financial loss he caused to Hector, the senseless nature of the damage, and defendant's failure to appear at his arraignment and status conference. The court also recognized that under MCL 769.12(1)(b), defendant was eligible for a life sentence but concluded that such a sentence was not warranted. Accordingly, we reject that argument.

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman