NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0219n.06

No. 18-2030

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Apr 26, 2019<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CHRISTOPHER SCOTT ATKINSON, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

Before: MERRITT, KETHLEDGE, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. Christopher Atkinson appeals the district court's decision to revoke his term of supervised release and to impose a new prison sentence. Atkinson primarily argues that the district court erred when it found that he had committed first-degree home invasion under Michigan law. We reject his argument and affirm.

In 2007, a jury convicted Atkinson of being a felon in possession of both a firearm and ammunition, in violation of 18 U.S.C. § 922(g). The district court sentenced Atkinson to 144 months' imprisonment and three years of supervised release. The court imposed several conditions on Atkinson's supervised release, including that Atkinson commit no federal, state, or local crimes. In March 2018, Atkinson completed his prison sentence and began his term of supervised release.

Five months later, the United States Probation Office petitioned the district court to revoke Atkinson's supervised release, alleging that Atkinson had committed two new crimes under

Michigan law: first-degree home invasion in violation of Mich. Comp. Laws § 750.110a(2), and aggravated assault in violation of Mich. Comp. Laws § 750.81a(1). Specifically, the Probation Office alleged that Atkinson had assaulted his granddaughter, La'Kwanza Atkinson, and had entered her mother's house without permission.

The district court held an evidentiary hearing, where the court heard testimony from La'Kwanza, her younger sister, Songela, and her mother, Mary Terry. La'Kwanza testified that she had briefly lived with Atkinson after he had been released from prison. She said she moved to Terry's house, however, after Atkinson made "[a] sexual advance." La'Kwanza also testified that, in July 2018, she had planned to move out of Terry's house later that year. According to La'Kwanza, once Atkinson heard that she intended to move, he decided to buy her a car, which she refused to accept.

La'Kwanza testified that, the morning after she had refused the car, she heard "three big bangs" at her bedroom door. When she opened the door, she saw Atkinson standing in the hallway. According to La'Kwanza, Atkinson then forced the door open, struck her head with a glass bottle, and backed her up to a couch.

Terry testified that she had been lying in her bed when she heard La'Kwanza scream. Terry ran to La'Kwanza's bedroom, where she saw Atkinson standing over La'Kwanza with the glass bottle in his hand. According to Terry, Atkinson said that he was angry about La'Kwanza's refusal to accept the car he had purchased. Terry testified that, after Atkinson calmed down, he apologized and left the house.

At the hearing, La'Kwanza, Songela, and Terry all testified that, although Atkinson was allowed near the house, he had never been given permission to enter the house on his own.

Atkinson testified next. He said that La'Kwanza had let him into the house that day and that, although he had confronted La'Kwanza, he had done so because she had stolen money from him, not because she had refused the car. Atkinson denied that he had hit La'Kwanza with a glass bottle, but admitted that he had shoved her bedroom door open and that the "door touched her a little bit." Atkinson also admitted that he had asked La'Kwanza, "Where's my fuckin' money?" and had threatened that he "would stomp a hole in her ass." He testified that he had likewise told Terry, "I'm going to stomp a hole in your ass too if [La'Kwanza] tries to leave town tomorrow."

After hearing this testimony, the district court found by a preponderance of the evidence that Atkinson had committed aggravated assault and first-degree home invasion under Michigan law. The district court therefore revoked Atkinson's supervised release and sentenced him to 48 months' imprisonment. This appeal followed.

Atkinson argues that the district court misapplied Michigan law when the court found that he had committed first-degree home invasion. Atkinson failed to raise this argument below, so we review it for plain error. *See United States v. Price*, 901 F.3d 746, 749 (6th Cir. 2018). A district court may revoke a term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of his release. *See* 18 U.S.C. § 3583(e)(3). The district court granted supervised release to Atkinson on the condition that (among other things) he commit no state crimes. As relevant here, Michigan law declares that any person who "enters a dwelling without permission" and "commits a felony, larceny, or assault" in the dwelling while "[a]nother person is lawfully present" is guilty of first-degree home invasion. *See* Mich. Comp. Laws § 750.110a(2)(b).

Here, the district court credited the testimony of La'Kwanza, Songela, and Terry, and did not find Atkinson credible. The court thus found that Atkinson lacked permission to enter the house on his own, that Atkinson assaulted La'Kwanza after he had entered the house without permission, and that both La'Kwanza and Terry were "lawfully present" in the house. Those findings in turn are enough to support the court's finding that Atkinson had committed first-degree home invasion under Michigan law. *See id.*

Atkinson challenges the court's conclusion that he lacked permission to enter the house, because, Atkinson says, he had implied permission to enter it. In support, he cites *People v. Bush*, 890 N.W.2d 370 (Mich. Ct. App. 2016). There, the court held that permission to enter a house implies permission to enter every room in the house. *Id.* at 375-77. But here the district court credited the testimony of La'Kwanza, Songela, and Terry, who all testified that Atkinson never had permission to enter the house in the first place. Hence *Bush* is inapposite.

Atkinson also asserts that he had no intent to commit assault when he entered the house. But the court did not need to make any finding as to Atkinson's intent, so long as the court found that Atkinson committed an assault after he entered the house. *See* Mich. Comp. Laws § 750.110a(2); Mich. Crim. Jur. Instr. 25.2c(3)(b). And the court so found. Hence this argument fails.

Finally, Atkinson argues that his sentence was procedurally and substantively unreasonable. For his procedural challenge, Atkinson again relies on his implied-permission argument, which we reject for the same reason as before. For his substantive challenge, Atkinson argues that the district court abused its discretion by improperly weighing the sentencing factors under 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 40 (2007). But the district court addressed the relevant factors in a detailed explanation at the hearing. *See* R. 121 at 972-76.

And we have no basis to revisit the court's assessment of those factors here. *See United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013). We thus reject this argument as well.

The district court's judgment is affirmed.