*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
December 22, 2022

v

ANTONIO KENNETH EARVIN,

        Defendant-Appellant.

No. 358664
Ingham Circuit Court
LC No. 20-000274-FC

Before: PATEL, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Defendant appeals of right from his jury-trial convictions of first-degree home invasion, MCL 750.110a(2); larceny in a building, MCL 750.360; armed robbery, MCL 750.529; felon in possession of a firearm, MCL 750.224f; felonious assault, MCL 750.84; and five counts of felony firearm, MCL 750.227b. Because the homeowner's son opened the door when he heard knocking, defendant argues that there was insufficient evidence that he entered the home without permission. And while defendant does not dispute that one of his companions took a purse from the home, he maintains that there was insufficient evidence that he shared his companion's intent to steal the purse, or that he knew his companion intended to steal it. Defendant's sufficiency challenges are related to the credibility of the witnesses' testimony, which is a matter of weight, not sufficiency. Defendant also raises an unpreserved argument that he was denied a fair and impartial jury because a juror indicated during voir dire that she knew an officer who was listed as a potential prosecution witness. Because the juror stated under oath that she would be impartial and the officer did not testify at the trial, we find that there was no error. We affirm.

## I. BACKGROUND

Defendant's convictions arise from a home invasion in March 2020 at a home in Lansing. During a family gathering, the homeowner and her family heard knocking at the back door. The homeowner's son opened the door, and was immediately confronted with a gun in his face. Several males, including defendant, pushed their way into the home. All of the intruders had guns. A commotion ensued as the homeowner and her family tried to get the men to leave. Witnesses testified that defendant directed the men to look for something to take. One of the men grabbed a

purse from the living room, and the men fled. The police found the purse under a van that was parked at a residence where defendant had been seen earlier in the day. Police officers later apprehended defendant at the same residence as he tried to escape from a second-floor window. Detectives were unable to identify any of the other men involved in the robbery or locate the handgun that was used. The jury found defendant guilty on all charges.[1] This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was insufficient evidence presented to support his convictions of home invasion and armed robbery. We disagree.

## A. STANDARD OF REVIEW

We review challenges to sufficiency of the evidence de novo. *People v Roper*, 286 Mich App 77, 83; 777 NW2d 483 (2009). "The sufficient evidence requirement is a part of every criminal defendant's due process rights." *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748, amended 441 Mich. 1201 (1992). In considering a challenge to the sufficiency of evidence, we view the evidence "in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *Roper*, 286 Mich App at 83. Because the standard of review is deferential, we must "draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowak,* 462 Mich 392, 400; 614 NW2d 78 (2000). "Conflicting evidence and disputed facts are to be resolved by the trier of fact. Minimal circumstantial evidence and reasonable inferences can sufficiently prove the defendant's state of mind, knowledge, or intent." *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019) (citations omitted). We "will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005).

## A. HOME INVASION

The elements of first-degree home invasion are:

(1) the defendant either breaks and enters a dwelling or enters a dwelling without permission; (2) the defendant either intends when entering to commit a felony, larceny, or assault in the dwelling or at any time while entering, present in, or exiting the dwelling actually commits a felony, larceny, or assault; and (3) while the defendant is entering, present in, or exiting the dwelling, either (a) the defendant is armed with a dangerous weapon, or (b) another person is lawfully present in the

---

[1] Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to serve 150 to 360 months' imprisonment for first-degree home invasion, 17 to 72 months' imprisonment for larceny in a building, 24 to 90 months' imprisonment for felon-in-possession, 27 to 72 months' imprisonment felonious assault, 240 to 500 months' imprisonment for armed robbery, and two years' imprisonment for each count of felony-firearm.

dwelling. [*People v Bush*, 315 Mich App 237, 244; 890 NW2d 370 (2016) (citations omitted).]

Defendant contends that the prosecution failed to establish that he entered the home without permission. An individual enters without permission when he has not "obtained permission to enter from the owner or lessee of the dwelling or from any other person lawfully in possession or control of the dwelling." MCL 750.110a(1)(c).

At trial, witnesses testified that there was knocking at the back door as the family was preparing for dinner. Because visitors would typically use the front door, the family believed that a relative was at the back door. One of the homeowner's sons, Shacorey, opened the door. Shacorey stated that he was immediately confronted with a gun pointed in his face, and then three men, including defendant, pushed their way into the home. The homeowner testified that she heard a commotion, heard Shacorey exclaim, and heard him fall to the floor. As she entered the kitchen, Shacorey was getting up from the floor. All three men were armed with handguns. A fourth suspect waited outside. The homeowner pleaded with the men to leave the home, and tried to prevent them from entering any other part of the home. Shacorey also directed the men to leave. But defendant told them that he would not leave without something. When Shacorey tried to intervene as the men moved into the living room, defendant placed his gun to Shacorey's temple. Once again, Shacorey pleaded with the men to leave the home. But defendant reiterated that he was not leaving empty-handed.

Defendant argues that Shacorey's testimony raised the "possibility" that Shacorey knew defendant, and invited him into the home before he learned that the men had ill intentions. This argument ignores all of the other testimony and evidence. Although Shacorey told officers that he recognized defendant from school, there was no evidence or testimony that Shacorey or any other person gave defendant permission to enter the home. The credibility of the witnesses' testimony is a matter of weight, not sufficiency. See *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). It was the jury's prerogative to assess the credibility of all of the witnesses and weigh the evidence. We will not interfere with that role. *Williams*, 268 Mich App at 419. Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for the jury to find that defendant entered the home without permission and was guilty of first-degree home invasion beyond a reasonable doubt.

## B. ARMED ROBBERY

"The elements of armed robbery are: (1) an assault, (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in [MCL 750.529]." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999) (quotation marks and citations omitted). And a defendant who aids and abets in the commission of a crime is treated for the purposes of conviction as though he or she "directly committed the offense." MCL 767.39; see *People v Robinson*, 475 Mich 1, 5-6; 715 NW2d 44 (2006). Under an aiding and abetting theory, the prosecution must show:

(1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had

knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement. [*People v Plunkett*, 485 Mich 50, 61; 780 NW2d 280 (2010) (quotation marks and citations omitted; alteration in original).]

Defendant concedes that there was evidence that a purse was stolen by one of the two other men that entered the home with him. And he does not dispute that he and the other two men were armed, or that he assaulted Shacorey. But he contends the prosecution failed to prove that he shared the intent to steal the purse or that he had knowledge that the other man intended to steal it. This argument is without merit. "An aider and abettor's state of mind may be inferred from all the facts and circumstances. Factors that may be considered include a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime." *Carines*, 460 Mich at 758. (quotation marks and citation omitted).

There was testimony and evidence that defendant entered the home with two other men. Witnesses testified that defendant appeared to be in charge. Defendant did most of the talking, and he directed the other men to search the house for something to steal. When Shacorey tried to intervene, defendant held a gun to his head. Defendant declared multiple times that he would not leave the home empty-handed. When one of the other men showed defendant a purse, the men fled the home with the purse. The purse was recovered outside of a residence where defendant had been seen earlier in the day, and where defendant was later apprehended. Viewed in the light most favorable to the prosecution, the evidence and reasonable inferences from all the facts and circumstances support defendant's conviction of armed robbery.

## III. FAIR AND IMPARTIAL JURY

Defendant further argues that he was denied his constitutional right to be tried by a fair and impartial jury because a juror revealed during voir dire that she knew an officer who was listed as a potential prosecution witness. We disagree.

## A. STANDARD OF REVIEW

Defendant concedes that this argument is not preserved because he did not raise a challenge in the trial court. We review unpreserved arguments for plain error affecting substantial rights. *People v Seals*, 285 Mich App 1, 4; 776 NW2d 314 (2009). A defendant in a criminal case must show that error occurred, "the error was plain, i.e., clear or obvious," and that the plain error affected his or her substantial rights. *Carines*, 460 Mich at 763. To satisfy the third element, the defendant must show that the error "affected the outcome of the lower court proceedings." *Id*. Reversal is warranted "only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks and citations omitted).

## B. ANALYSIS

A criminal defendant has a constitutional right to be tried by an impartial jury. US Const, Am VI; Const 1963, art 1, § 20. "[J]urors are presumed to be . . . impartial, until the contrary is shown." *People v Miller*, 482 Mich 540, 550; 759 NW2d 850 (2008) (quotation marks and citation

omitted).  "A trial court ensures that a jury is impartial by conducting voir dire and removing biased jurors before impaneling the jury[.]" *People v* Haynes, 338 Mich App 392, 411; 980 NW2d 66 (2021).  "The burden is on the defendant to establish that the juror was not impartial or at least that the juror's impartiality is in reasonable doubt." *Miller*, 482 Mich at 550.  A juror's statement that she is capable of setting aside her personal bias during trial is generally adequate to protect a defendant's right to a fair trial.  See, e.g., *People v Jendrzejewski*, 455 Mich 495, 515-516; 566 NW2d 530 (1997); *People v Johnson*, 245 Mich App 243, 259; 631 NW2d 1 (2001).

In this case, one of the jurors disclosed during the jury-selection process that she knew a police officer who was listed as a witness for the prosecution.  Defendant argues that this relationship biased the juror against defendant.  Although defendant failed to move to strike the juror for cause or exercise a peremptory challenge, he contends that the trial court should have removed the juror or asked more probative questions.  Defendant has failed to present any evidence to overcome the presumption of impartiality.  The juror described the officer as "an acquaintance" whom she rarely saw.  She indicated under oath that she could set aside her relationship with the officer to render a fair verdict, and she would follow the law.  Defendant has provided no evidence indicating that this juror was biased against him.  The trial court found the juror's assurances of impartiality sufficient to keep her on the panel, and we find no basis for disturbing this finding.  See *People v Lee*, 212 Mich App 228, 251; 537 NW2d 233 (1995) (holding that a trial court is in the best position to assess a venireman's credibility and demeanor to determine whether a person would be impartial).  And given that the officer was not called as a witness at trial, defendant has not shown that he was prejudiced by the juror's presence on the jury.  Because defendant has failed to meet his burden of showing that a biased juror served on his jury, we conclude that his right to a fair and impartial jury was not violated.  *Miller*, 482 Mich at 550.

Affirmed.

/s/ Sima G. Patel
/s/ Thomas C. Cameron
/s/ Anica Letica